■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID OUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered April 6, 1983, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant claims that he was denied effective assistance of counsel. The record shows, however, that defense counsel vigorously participated in the proceedings, presented several motions and raised numerous objections, many of them successful, in the protection of his client's interests. For example, counsel (1) successfully moved to preclude the use of all the evidence found in the defendant's car and the use of any of the defendant's prior convictions, (2) secured dismissal of the third and sixth counts of the indictment, and (3) apparently persuaded the jury to acquit the defendant of the fourth and fifth counts in the indictment. Moreover, most of the defendant's complaints about his counsel's representation concern matters of trial strategy. Trial tactics viewed as unsuccessful in hindsight do not automatically indicate ineffectiveness, and a reviewing court will generally refrain from second-guessing trial tactics employed by a defense attorney (see, People v Baldi, 54 NY2d 137; People v Morris, 100 AD2d 630, affd 64 NY2d 803). Under the circumstances herein, the defendant's counsel provided "meaningful representation" under the standard enunciated in People v Baldi (supra, at p 147; cf. People v Satterfield, 66 NY2d 796).

In addition, the court properly held that there was probable cause to arrest the defendant. Testimony by Officer Connors revealed that he had watched an undercover officer walk up to the window of a basement apartment, which had been the scene of previous narcotics purchases, and then return to his car. The undercover officer immediately radioed Connors and told him that a narcotics purchase had taken place. Connors and a team of police officers entered the apartment pursuant to a no-knock search warrant and found the defendant lying in bed next to a large sum of cash and numerous glassine envelopes containing a white powder. In addition, the defendant's hands contained traces of the phosphorescent powder

that had been previously placed on the "buy" money. Thus, probable cause existed to arrest the defendant *(see, People v Farinaro,* 110 AD2d 653).

As no objection was made concerning the prosecutor's remarks in his opening statement and his summation, the defendant's claim of prosecutorial misconduct has not been preserved for our review. In any event, the prosecutor's attacks on the credibility of the defendant's witnesses were fair responses to similar, repeated remarks in the defense summation that police witnesses had tailored their testimony *(see, People v Arce,* 42 NY2d 179). Although certain of the prosecutor's remarks may have been unnecessary and better left unsaid, they did not deprive the defendant of a fair trial in light of the court's explicit instructions to the jury before and after summation which cured any taint.

Upon an examination of the record, we also find that the evidence established the defendant's guilt beyond a reasonable doubt, and that the court's charge to the jury regarding circumstantial evidence, although awkward, did not constitute prejudicial error.

We have considered the defendant's other contentions, insofar as preserved for our review, and find them to be without merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.