■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT L. RUEFFER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 21, 1985, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

The City of Binghamton Police Department in Broome County received a complaint from Mary Wells regarding an individual she observed attempting to open each door of her neighbors' vacant two-family house on Mason Avenue. She described the individual as a young man in his late teens or early 20's, wearing glasses, jeans and a tan jacket, with light blonde or brown hair. A patrol car was dispatched to Wells' house and she agreed to ride through the neighborhood with the patrolmen to search for the suspect.

At the same time, investigators who had worked on a burglary one block from Wells' house on Gaylord Street the week before proceeded to Gaylord Street, where they were met by their sergeant. They saw defendant almost immedi-

ately, about 100 yards away coming out from between two houses on Gaylord Street, and observed that he fit the description given by Wells. The investigators drove towards defendant, got out of their car, identified themselves, and asked him who he was and where he was coming from. Defendant stated that he had just purchased a pack of cigarettes and was taking a shortcut through the yards on Gaylord Street. He produced a pack of cigarettes with approximately eight cigarettes in it and specifically denied any knowledge of the incident on Mason Street.

According to the investigators, defendant then voluntarily assented to being frisked and to accompany them in their vehicle. Defendant was transported approximately 100 yards to the sergeant's car, where the investigators were met by Wells and the patrol car. Wells positively identified defendant as the man she had seen at her neighbors' house. He was then taken to the police station where he was given *Miranda* warnings and waived his right to speak to an attorney. He confessed to attempting to break into the house on Mason Street, executed a consent to search his house and subsequently confessed to the prior burglary on Gaylord Street. Property taken during that burglary was later turned over to police by defendant's mother.

Defendant was indicted and charged with attempted burglary in the second degree and burglary in the second degree. He unsuccessfully moved to suppress his confessions and the evidence obtained from his mother on the ground that they resulted from his arrest without probable cause on Gaylord Street. After pleading guilty to burglary in the second degree in full satisfaction of the indictment, defendant brought the instant appeal again attacking the legality of his detention. We now affirm.

Initially, we reject defendant's contention that his detention on Gaylord Street, prior to Wells' identification of him, constituted an arrest without probable cause. The incident reported by Wells of an individual unknown to her attempting to open each door of a vacant two-family house and then trying the cellar door was indicative of an attempted burglary in a vicinity where a burglary had recently taken place. Defendant was observed shortly thereafter and fit the description given by Wells. Accordingly, the officers' original stop of defendant was not an arrest but a legal detention based upon a reasonable suspicion that a crime had taken place *(see,* CPL 140.50 [1]; *People v Hicks,* 68 NY2d 234, 238; *People v Ingle,* 36 NY2d 413, 420; *see also, Terry v Ohio,* 392 US 1).

Regarding defendant's further detention and transportation in the investigators' vehicle to the sergeant's car, the investigators already had a well-founded suspicion that defendant may have been involved in an attempted burglary, given defendant's presence in the area and that he fit the description given by Wells. Additionally, his responses to their questions were unsatisfactory. He stated that he had just bought cigarettes, yet produced a pack with only eight cigarettes in it. Although one investigator testified at the suppression hearing that defendant was requested to go with them to the police station, the other investigator testified that defendant was asked only to accompany them 100 yards to the sergeant's car, and County Court found that the detention was only for purposes of bringing defendant to the other patrol car for identification by Wells. Such a detention and transportation, undertaken to effectuate a reasonably quick identification by Wells, was a permissible incident of the initial stop *(see, People v Hicks, supra,* at 240), and was also justified given defendant's consent *(see, People v Hodge,* 44 NY2d 553, 559; *People v Johnson,* 98 AD2d 952). Once Wells made a positive identification, probable cause existed to arrest defendant, and the uncontradicted testimony of the investigators was that defendant was not questioned until he was given and waived *Miranda* warnings at the police station.

Moreover, we note that although reasonable suspicion may not have existed for frisking defendant prior to placing him in the investigators' vehicle *(see,* CPL 140.50 [3]; *People v De Bour,* 40 NY2d 210, 224), both investigators testified that defendant consented to the frisk. No evidence was seized as a result and it did not turn an otherwise lawful detention into an arrest *(see, People v Hicks, supra,* at 239-240).

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.