■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE CORTIJO, Also Known as EDWIN ANAYA, Also Known as EDWARD ARROYO, Also Known as SALVATORE SANTIAGO, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Groh, J.), both rendered October 10, 1984, convicting him of attempted criminal possession of stolen property in the first degree (two counts; one as to each indictment), upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, a confession and physical evidence.

Ordered that the judgments are affirmed.

Based on the totality of the circumstances, the pretrial identification procedures utilized by the police were not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification *(Simmons v United States,* 390 US 377; *People v Brnja,* 50 NY2d 366). In any event, the identifications emanated from the witnesses' independent recollections of the defendant *(see, People v Kreutz,* 110 AD2d 912). In light of the extended period of time during which the identifying witnesses viewed the defendant at close range, an independent basis for identification clearly existed.

In view of the facts that the defendant's physical appearance was consistent with the description of the perpetrator transmitted to the police officers and that the defendant was apprehended in close proximity to the scene of the crime, both the initial stop and the subsequent brief detention of the defendant were reasonable under the circumstances. The transporting of the defendant back to the scene constituted a minimally intrusive method of investigation which was likely

to confirm or dispel suspicion quickly *(see, People v Hicks,* 68 NY2d 234; *People v Fulmore,* 133 AD2d 169, 170).

Finally, where earlier charges are remote in time, it cannot be presumed that police officers aware of an earlier arrest will know whether the charges are still pending. Where the police do not actually know that earlier charges are pending, there is no basis for imputing constructive knowledge that the suspect already has counsel, absent bad faith *(People v Bertolo,* 65 NY2d 111). In this case, the record fails to indicate any misfeasance or trickery on the part of the police. Accordingly, we find that the inculpatory statement was voluntarily made and was admissible in evidence. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.