■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PINKNEY, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered May 5, 1988, convicting defendant, after a jury trial, of two counts of robbery in the first degree and sentencing him, as a predicate felon, to two concurrent indeterminate terms of imprisonment of 12½ to 25 years, is unanimously affirmed.

Defendant's half-hour nonarrest detention, including his transportation to the precinct, was within the bounds of a lawful investigatory stop *(United States v Sharpe,* 470 US 675; *People v Hicks,* 68 NY2d 234).

The photographing of defendant and the exhibit of a photo array containing his picture to a complainant at the station house was a reasonable and minimally intrusive means of investigation *(People v Hicks, supra,* at 242). As a result of that complainant's identification of defendant's photograph, the police possessed probable cause to arrest defendant prior to the lineup at which he was also identified.

Defendant's claim that the court failed to properly instruct

the jury that the evidence on each count of the indictments should be considered independently is unpreserved, and we decline to review it. Were we to consider it in the interest of justice, we would nevertheless affirm, since the court's charge and counsel's summations made clear to the jury that it should consider the evidence of each robbery separately.

Furthermore, we find that the court's instructions on identification, when read as a whole, conveyed to the jurors the correct standard of proof. Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.