■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PAGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered December 20, 1988, convicting him of attempted burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gallagher, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

After receiving a radio call reporting a burglary in progress and giving a description of the perpetrator, the arresting police officer properly stopped the defendant, whose physical appearance was consistent with the description received and who was spotted in close proximity to the scene of the crime *(see, People v Benjamin,* 51 NY2d 267; *People v De Bour,* 40 NY2d 210; *People v Cortijo,* 141 AD2d 830). Moreover, once the officer observed a bulge in the defendant's breast pocket,

the officer was justified in conducting a limited pat-down search to ascertain whether the defendant was armed with a weapon *(see, People v Spivey,* 46 NY2d 1014; *People v Alford,* 146 AD2d 635; *People v Cunningham,* 71 AD2d 559, *affd* 52 NY2d 927), and was further justified in removing what felt like a sharp object from the defendant's pocket *(see, People v Taylor,* 123 AD2d 651).

Furthermore, detaining the defendant by transporting him to the scene of the crime for the purpose of confirming or dispelling the police officers' reasonable suspicion was lawful. The police officers knew that there had been an attempt to commit a burglary. Additionally, the period of detention of the defendant was less than 10 minutes, the scene of the crime was two blocks away from where the defendant had been apprehended, the only eyewitness was at the scene of the crime, and there was no less intrusive means available to accomplish the same purpose *(see, People v Hicks,* 68 NY2d 234, 243).

The defendant's remaining contentions are either without merit or unpreserved for appellate review, and we decline to consider them in the exercise of our interest of justice jurisdiction *(see, People v Melendez,* 55 NY2d 445; *People v Ashwal,* 39 NY2d 105). Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.