■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO JIMENEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 1, 1991, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly found that there was probable cause for the defendant's arrest at the time of his apprehen-

sion. "Probable cause requires * * * information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" *(People v McRay,* 51 NY2d 594, 602; *see also,* CPL 140.10). In making such a judgment, we must also bear in mind that "[i]n dealing with probable cause * * * we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" *(Brinegar v United States,* 338 US 160, 175; *see also, People v Carrasquillo,* 54 NY2d 248, 254). "Moreover, in assessing the reasonableness of police conduct, a court is obliged to consider not merely the information the officer initially has, but the information he gathers as events unfold" *(People v Chapman,* 103 AD2d 494, 496).

On May 1, 1990, at around noon, a police officer on routine patrol in a police vehicle was flagged down by a group of people on the sidewalk who were holding the defendant by his arms. The police officer stopped his vehicle and began to exit it when the defendant broke free and fled, while a member of the group told the officer that the defendant had robbed an old man. The police officer pursued the defendant to the courtyard of a nearby building where he placed the defendant under arrest and searched him, recovering a knife. The complainant promptly identified the defendant in a showup on a nearby street, and the defendant later confessed to the crime.

Contrary to the defendant's contention, we find that under the circumstances set forth above, the officer had probable cause to pursue and arrest the defendant *(see, People v De Bour,* 40 NY2d 210).

We decline to disturb the sentence imposed.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.