■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUE BENNETT, Appellant.—Appeal from a judgment of the County Court of Broome County (Mathews, J.), entered October 3, 1991, convicting defendant upon his plea of guilty of the crimes of attempted murder in the first degree and robbery in the first degree.

In January 1991, a police officer stopped a vehicle near the corner of Gerard Avenue and Oak Street in the City of Binghamton, Broome County, in connection with the investigation of a robbery. A man described by the robbery victim and the police officer as black and wearing a dark jacket and pants exited the vehicle and fired a pistol at a police officer before running down Gerard Avenue. When police officers arrived in response to the shooting, they were given information by a bystander that the suspect had run between two houses on Oak Street. Because they were familiar with the area, police realized that the path of the suspect would lead to the parking lot of a local club and they proceeded in their vehicle to that area. Upon arrival at the parking lot they saw defendant, who matched the general description given and was the only black male in the area. The officers ordered defendant to lay down and, when he did not immediately comply, forcibly placed him on the ground and handcuffed him. Within approximately one minute the police officer who

had stopped the vehicle, and who had been pursuing the suspect on foot, arrived on the scene and identified defendant as the person who had shot at him.

Where police have reasonable suspicion that a person was involved in a crime, they are authorized to forcibly stop and detain that person (People v Martinez, 80 NY2d 444; People v De Bour, 40 NY2d 210, 223; see, People v Hollman, 79 NY2d 181, 185). We find that the police had reasonable suspicion to believe that defendant had shot at the officer in view of the information supplied by the police officer fired upon and the bystander, as well as the facts that defendant matched the general description, was found where the suspect's path of flight would have taken him and was the only black person in the area (see, People v Harris, 175 AD2d 713, lv denied 79 NY2d 827). The police were justified in forcibly detaining defendant in the parking lot until the officer fired upon arrived for a showup (see, People v Hicks, 68 NY2d 234). The fact that police approached defendant with guns drawn and handcuffed him did not elevate the stop into a full blown arrest requiring probable cause (see, People v Allen, 73 NY2d 378, 380). Police were in hot pursuit of a suspect in the attempted murder of a police officer who they confronted in a dark area at night. They were "in a rapidly developing and dangerous situation presenting an imminent threat to their well-being" and were entitled "to take reasonable measures to assure their safety" (supra, at 380; see, People v Hicks, supra). Once the police officer identified defendant as the perpetrator, probable cause for arrest clearly existed. County Court properly denied defendant's motion to suppress his statement and the gun.

After defendant was identified by the police officer, he was held in an unmarked police car for approximately 15 minutes until the victim of the robbery could come to the scene; a showup was conducted and the victim identified defendant as the perpetrator of the robbery. Defendant contends that this showup should have been suppressed as unduly suggestive. We disagree. The prompt showup, only minutes after the robbery and in the same area, was appropriate to reasonably assure police that they had detained the right person for both the attempted shooting of the police officer and the robbery (see, People v Duuvon, 77 NY2d 541). On these facts, the showup was not rendered unduly suggestive because defendant was viewed in handcuffs in a police car (see, supra, at 545) or because the victim relied in part upon defendant's clothing in making his identification (see, People v Jordan, 178 AD2d

1009, *lv denied* 79 NY2d 920). Our determination obviates any need to address defendant's argument that the subsequent line-up identification was tainted by the showup.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.