■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE CARNEY, Appellant. [622 NYS2d 803] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered February 28, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rienzi, J.), of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination that the defendant's detention and showup identification were lawful. The defendant matched the description of one of the perpetrators that was supplied by the robbery victim and radioed to the police officer who apprehended him. Moreover, the showup was held in close spatial and temporal proximity to the crime (see, People v Hicks, 68 NY2d 234; People v Brnja, 50 NY2d 366). Although it is not the preferable procedure to display the suspect in handcuffs, standing next to a police officer, this procedure does not require suppression of an otherwise proper showup (see, People v Duuvon, 77 NY2d 541). Contrary to the defendant's contention, neither the use of handcuffs nor the defendant's transportation to the scene of the showup converted the detention into a full-blown arrest requiring probable cause (see, People v Allen, 73 NY2d 378, 380; People v Bennett, 189 AD2d 924; People v Pagan, 173 AD2d 744).

The record supports the trial court's determination that the victim had an independent source for her in-court identification of the defendant which was untainted by her viewing of his photograph at the prosecutor's office just prior to trial. The victim testified that she had viewed the defendant's face at close range for two or three minutes during the robbery, that the subway car in which the robbery occurred had been well lit, and that she had observed the defendant as he had walked through the subway car just before the robbery. Furthermore, since the victim had identified the defendant prior to viewing his photograph, there is no danger of mistaken identification.

The sentence that was imposed is neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.