■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAH A. H. SHAKUR, Appellant. [650 NYS2d 388] —Mikoll, J. P.

Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered August 22, 1995, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fifth degree.

On April 4, 1995 at about 3:40 A.M., Lowell Harding telephoned the Ithaca Police Department and reported to the dispatcher taking his call that he had "just been robbed" on North Geneva Street in the City of Ithaca, Tompkins County. Harding reported, within minutes of the robbery, that his assailant was a black male, wearing a hat and red or peach-colored pants, and had taken his wallet and watch while he was in front of the Catholic church on North Geneva Street.

Police Officer Raymond Schweiger was at the dispatch office when the call came in and overheard some of the dispatcher's conversation with Harding. The dispatcher gave him a description of Harding's assailant as a black male wearing a cap or hat of some type and wearing peach or pink pants. Schweiger then drove to the scene of the crime and searched the area for someone resembling that description. Schweiger then went to an apartment complex about two blocks away, a known "narcotics use trafficking area" and there observed a black man wearing faded red pants and a small hat, flat with no brim on it. He called the dispatcher and was informed the pants could have been red. Schweiger approached the individual and asked him to stop and speak for a minute. Schweiger advised the man that he matched the description of a subject in a recent robbery and the man agreed to wait while Police Officer Phillip Newby brought Harding over to them so they could do a showup. Newby arrived in his patrol car with Harding and Harding, from inside the police car, identified defendant, who stood near Newby, as the perpetrator. Newby described the area where the showup took place as well lighted. Newby advised Schweiger that Harding was positive of his identification and Schweiger then arrested defendant, handcuffed him and placed him in the back seat of his patrol car. Newby had told Harding only that he was going to look at a subject to see if he recognized him.

While defendant was seated in the back seat of Schweiger's car he was observed to be moving around suspiciously in the seat. Later, at the station, Schweiger returned to his patrol car and searched the rear seat area where he found Harding's bank card and watch under the rear seat. No one else had access to his vehicle after defendant. Schweiger testified that he had made a search of defendant before placing him in the police car but that no evidence was found on his person.

Defendant was charged in an indictment with robbery in the third degree and criminal possession of stolen property in the fifth degree. After a suppression hearing on *Wade* and *Mapp* issues, County Court found that the showup was not unduly suggestive and was conducted promptly near the crime scene, that defendant fit the description given by Harding and that defendant's detention was brief. The court ruled that the stop was valid. The court also ruled that there were no 4th Amendment issues presented and denied the suppression motion. Following a jury trial, defendant was acquitted on the robbery charge but convicted of the misdemeanor of criminal possession of stolen property in the fifth degree. This appeal ensued.

We reject defendant's contention that the initial stop and frisk of defendant was unlawful in that the police lacked reasonable suspicion to stop defendant. County Court could properly conclude from all the circumstances that the prompt stop and brief detention of defendant for the showup was reasonable and justified. The police had a reasonable suspicion to believe that defendant may be the perpetrator of the crime of which Harding complained. Defendant fit the description given of the perpetrator as to clothing and was observed within minutes of the incident a couple of blocks from the scene. Defendant quickened his pace and looked back when he saw Schweiger approaching him. He was in a drug trafficking complex at about 3:45 A.M. Considering that few persons were up and about, the character of the area, the proximity to the crime scene in time and place, and defendant's furtiveness, Schweiger had grounds to form a reasonable suspicion that defendant may be the perpetrator of the crime (*see, People v Martinez*, 80 NY2d 444, 448; *People v McRay*, 51 NY2d 594, 604; *People v Williams*, 150 AD2d 410, *lv denied* 74 NY2d 749; *People v Buyce*, 152 AD2d 857, 858-859, *lv denied* 74 NY2d 845).

Defendant's claim that the on-street showup identification was improperly admitted at trial is also rejected. The showup was conducted shortly after the crime when the memory of Harding was fresh. The confrontation was not unduly suggestive (*see, People v Riley*, 70 NY2d 523, 529). Additionally, the stolen property conviction was supported by the testimony of the police officers who acted reasonably in arresting defendant.

We have examined defendant's arguments for reversal for alleged lack of due process and find them unpersuasive. We find no abuse of County Court's discretion in rejecting defendant's claim that the prosecution erred by recalling Harding before the Grand Jury in presenting its case to the Grand

Jury. Harding was hampered by an obvious memory difficulty and it was not error to allow the proceedings to be conducted less formally in the circumstances without impairing the integrity of the Grand Jury process (*see, e.g., People v Rosado*, 212 AD2d 426).

We reject defendant's arguments that County Court's *Brady* rulings concerning the People's delayed disclosure of two pages of Harding's Grand Jury testimony relating to testimony that tended to exculpate defendant because of its inconsistencies and conflicts deprived defendant of due process and constituted misconduct on the part of the prosecutor. County Court afforded defendant adequate corrective action to cure any harm caused by the delay. County Court's finding that the error in failing to include the two pages at the time the material was turned over to the defense was not due to a deliberate act on the part of the prosecutor, but was due to a secretary's error, was not an abuse of discretion.

Finally, we find no abuse of discretion in County Court's *Sandoval* rulings (*see, People v Sandoval*, 34 NY2d 371). Older convictions may be used to impeach where a defendant has had extensive periods of incarceration in the intervening years (*see, People v Ortiz*, 156 AD2d 197, 198, *lv denied* 76 NY2d 740; *People v Damon*, 150 AD2d 479, 480, *lv denied* 74 NY2d 738).

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.