■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. CLARK, Appellant. [655 NYS2d 434] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 25, 1995, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in failing to suppress certain statements he made to the police and physical evidence on the grounds that the police lacked probable cause to arrest him. We disagree. As the Court of Appeals has aptly observed, "police-citizen encounters are dynamic situations during which the degree of belief possessed at the point of inception may blossom by virtue of responses or other matters which authorize and indeed require additional action as the scenario unfolds" (*People v De Bour,* 40 NY2d 210, 225; *see also, People v Chapman,* 103 AD2d 494, 496). Here, the police officers properly approached the defendant to request information insofar as he matched the description given by a neighborhood resident of the person who, an hour earlier, rang her doorbell and ran away when she answered the door (*see, People v Hollman,* 79 NY2d 181, 190-191). Thereafter, as events unfolded, the initial "articulable reason" for approaching the defendant (*People v Hollman, supra,* at 190; *see also, People v De Bour, supra,* at 223), eventually ripened into probable cause to arrest (*see, People v Gibson,* 194 AD2d 623; *People v Smith,* 190 AD2d 832; *People v Michael,* 152 AD2d 752). Rosenblatt, J. P., Copertino, Sullivan and Joy, JJ., concur.