THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCY WEST, Appellant. [665 NYS2d 289] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered May 18, 1993, convicting him of attempted murder in the first degree (four counts), attempted aggravated assault upon a police officer (five counts), kidnapping in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant objected, pursuant to *Batson v Kentucky* (476 US 79), to the prosecution's exercise of two peremptory challenges. On appeal, the defendant contends that the court erred in allowing one of those challenges. The prosecution proffered a race-neutral explanation for the challenge at issue, thereby satisfying its obligation to provide facially neutral reasons for rejecting the juror (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110). The burden then shifted to the defendant to demonstrate that the explanation was pretextual (*see, People v Payne, supra,* at 181). However, since the defendant did not then articulate any reason to conclude that the explanation was pretextual, that claim, now raised on appeal, is unpreserved for appellate review (*see, People v Allen, supra,* at 109-110; *People v Morrison,* 235 AD2d 553).

The defendant's contention that the evidence was not legally sufficient to support his conviction of attempted murder in the first degree and attempted aggravated assault upon a police officer is also not preserved for appellate review (*see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (*People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Additionally, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.