■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS PERSAUD, Appellant. [665 NYS2d 671] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered July 25, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The court properly held that there was probable cause to arrest the defendant. The arresting officer testified that shortly after an undercover officer purchased narcotics from the premises in question, a single-family home which had been the scene of a previous narcotics purchase, the police entered the premises pursuant to a search warrant. Once inside they discovered the defendant, along with four codefendants. The defendant was detained, along with his codefendants. A search of the house uncovered a large amount of cash, including prerecorded money, and a quantity of narcotics. The police found no narcotics or cash on the defendant's person, but an examination of his hands under an ultraviolet light revealed traces of florescent markings which the police had previously

placed on the prerecorded money. The defendant was placed under arrest at the scene. Under these circumstances, the police had probable cause to arrest the defendant (*see, People v Outler,* 118 AD2d 819).

The defendant was not deprived of the effective assistance of counsel when, during the trial, a police officer testified that the defendlant was handcuffed before his hands were examined, but the defense counsel did not move to reopen the suppression hearing. The use of handcuffs does not automatically convert a "detention into a full-blown arrest requiring probable cause" (*People v Carney,* 212 AD2d 721, 722; *People v Bennett,* 189 AD2d 924, 925). In a rapidly developing and possibly dangerous situation such as the one facing the police here, the police are entitled to "take reasonable measures to assure their safety", including handcuffing a suspect detained on reasonable suspicion (*People v Allen,* 73 NY2d 378, 380). Considering that the police had a reasonable suspicion that the defendant was engaged in selling and possessing narcotics, the detention was appropriate, and there was no basis for moving to reopen the suppression hearing. In short, the defense counsel's failure to move to reopen the hearing was inconsequential (*see, People v Daley,* 172 AD2d 619; *People v Margan,* 157 AD2d 64).

The court did not err in declining to hold a hearing pursuant to *Frye v United States* (293 F 1013), to determine whether the use of the florescent marking powder on the prerecorded money and the transferability of the powder from the money to a hand was scientifically reliable. When the People seek to present "novel scientific evidence" the court is required to conduct a hearing to determine its reliability (*see, People v Wesley,* 83 NY2d 417, 422; *People v Magri,* 3 NY2d 562, 565-566; *see also, Martin, Capra & Rossi,* New York Evidence Handbook § 7.2.3, at 644). There is nothing novel about the device used in this case. The courts have routinely permitted the People to establish that a defendant came into contact with currency that had been coated with a florescent substance by showing that the defendant's hands contained the substance placed on the currency (*see, e.g., People v Rogers,* 156 AD2d 598; *People v Davis,* 153 AD2d 949; *People v Outler, supra,* 118 AD2d, at 820; *People v Napolitano,* 106 AD2d 304, *affd* 66 NY2d 852).

The defendant's contention that the evidence before the Grand Jury was legally insufficient is not reviewable by this Court (*see,* CPL 210.30 [6]).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.