■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PETERSON, Appellant. [743 NYS2d 303] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered April 29, 1999, convicting him of rob-

bery in the first degree (six counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Blumenfeld, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the information the police had at the beginning of their encounter with him, combined with the information developed during the encounter (*see People v De Bour,* 40 NY2d 210; *People v Clark,* 237 AD2d 372; *People v Jimenez,* 187 AD2d 610; *People v Grimsley,* 156 AD2d 714; *People v Fulmore,* 133 AD2d 169), provided reasonable suspicion to detain and transport the defendant to the station house to rapidly confirm or dispel their suspicions that he had committed a crime (*see People v Hicks,* 68 NY2d 234; *People v Brewer,* 200 AD2d 579; *People v Foster,* 173 AD2d 841; *People v Pinkney,* 156 AD2d 182; *People v Lyng,* 104 AD2d 699; *cf. People v Ralfopoulos,* 274 AD2d 437). Moreover, the fact that the police used handcuffs in transporting the defendant to the station house did not transform the detention into a full blown arrest (*see People v Allen,* 73 NY2d 378; *People v Persaud,* 244 AD2d 577; *People v Carney,* 212 AD2d 721; *People v Alford,* 186 AD2d 43). Once at the precinct, the police had probable cause to arrest the defendant for criminal possession of stolen property and subsequently to place him in a lineup.

We agree with the Supreme Court that the reason offered by the prosecutor for his exercise of a peremptory challenge was facially race neutral (*see Purkett v Elem,* 514 US 765, 768, citing *Hernandez v New York,* 500 US 352, 360; *People v Payne,* 88 NY2d 172; *People v Allen,* 86 NY2d 101, 104). The burden shifted to the defendant to establish that the proffered reason was actually pretextual (*see People v Payne, supra* at 181; *People v Allen, supra* at 110; *see also Purkett v Elem, supra* at 768; *People v West,* 243 AD2d 590). However, since the defendant failed to articulate to the Supreme Court any reason why he believed that the prosecutor's explanations were pretextual, his present contentions are unpreserved for appellate review (*see People v Santiago,* 272 AD2d 418; *People v Seward,* 249 AD2d 337; *People v West, supra*).

The sentence imposed was not excessive (*see People v Felix,* 58 NY2d 156; *People v Suitte,* 90 AD2d 80). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.