■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAVIAN GILES, Appellant. [751 NYS2d 745] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 27, 2001, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the information the police had at the beginning of their encounter with him provided reasonable suspicion to detain and transport him to the station house to rapidly confirm or dispel their suspicions that he had committed a crime (*see People v Allen,* 73 NY2d 378; *People v Hicks,* 68 NY2d 234; *People v De Bour,* 40 NY2d 210; *People v Peterson,* 295 AD2d 452, *lv denied* 98 NY2d 712; *People v Moore,* 296 AD2d 426, *lv denied* 98 NY2d 731; *People v Persaud,* 244 AD2d 577; *People v Elmore,* 236 AD2d 851; *People v Flanagan,* 224 AD2d 633; *People v Bianchi,* 208 AD2d 551, *affd* 85 NY2d 1022; *People v Brewer,* 200 AD2d 579, *lv denied* 83 NY2d 869, *cert denied* 513 US 850; *People v Foster,* 173 AD2d 841; *People v Pinkney,* 156 AD2d 182). Once at the precinct, the defendant's spontaneous statement gave the police probable cause for his arrest (*see People v Sanchez,* 216 AD2d 207; *People v Rivera,* 124 AD2d 682). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.