■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL L. PHILLIPS, Appellant. [847 NYS2d 688]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 18, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

The City of Elmira Police Department, in collaboration with a confidential informant, arranged for a controlled buy drug transaction with Curtis Ashley, for whom an arrest warrant had been issued. Ashley arrived at the prearranged location as a passenger in an automobile driven by defendant. After defendant parked the vehicle, Officer Gregory James pulled his marked patrol car into the parking lot behind defendant's vehicle. James approached the driver's side of defendant's vehicle, knocked on the window and requested that defendant produce identification. Upon reviewing his identification, James recognized the name from reports of criminal activity which

involved weapons. During this exchange, James viewed a small knife and a small baseball bat in the front console of the passenger compartment and noticed that defendant's movements were stiff and inflexible, with his left hand never moving from his left thigh. Sergeant Robert Smallcomb and another sergeant had taken a surveillance position nearby. Smallcomb then approached the passenger side of defendant's vehicle, knocked on the window and advised Ashley that he had a warrant for his arrest. Ashley complied with Smallcomb's order to exit the vehicle and gratuitously admitted that he had drugs on him. When Smallcomb advised James that Ashley had crack cocaine, James ordered defendant to exit the vehicle. Upon his exit, James grabbed defendant's left hand, placed him in handcuffs as a safety measure and pat-frisked for weapons. In the course of such frisk, James felt an object in defendant's front left pocket and asked defendant if he had marihuana in his pocket. After repeating the question a second time, defendant affirmatively responded, prompting James to pull out a bag of crack cocaine from defendant's pocket. A subsequent search of defendant by another police officer yielded a second bag of crack cocaine.

Defendant was arrested and indicted for the crime of criminal possession of a controlled substance in the third and fourth degrees. His motion to suppress both his oral admission and the drugs seized was denied. Defendant pleaded guilty to one count of criminal possession of a controlled substance in the fourth degree in full satisfaction of the charges, but specifically reserved the right to appeal all pretrial rulings. Sentenced as a second felony offender to a prison term of 3½ years, with five years of postrelease supervision, he appeals.

As great weight is accorded to the determination of a hearing court on a motion to suppress, we will not disturb it unless it is clearly erroneous (see People v Gutkaiss, 206 AD2d 628, 629-630 [1994], lv denied 84 NY2d 936 [1994]). Where police approach a stopped vehicle, but have not actually seized such vehicle, they must possess an "articulable basis for requesting information," which is "supplied by an objective, credible reason not necessarily indicative of criminality" (People v Ocasio, 85 NY2d 982, 985 [1995]; see People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]). Here, the inquiry of defendant was justified because the police approached his vehicle due to their prearranged drug buy with his passenger (see People v Williams, 305 AD2d 804, 806 [2003]). By the time that defendant was ordered to exit the vehicle, James was aware of defendant's involvement as the driver in the prearranged drug buy, his furtive, stiff and inflexible movements with regard to his left pocket

over which he kept his hand in a suspiciously awkward manner, the discovery of drugs on Ashley and the presence of objects in plain view which could cause injury to the police officers. As such, James was justified in ordering defendant out of the car, and he was further justified in believing that defendant may have been armed, thus permitting the application of handcuffs and a pat down or frisk for weapons (*see id.* at 806-807 [2003]; *People v Bennett*, 189 AD2d 924 [1993]). Moreover, the handcuffing of defendant in these circumstances did not convert his detention into a full-blown arrest requiring probable cause (*see People v Williams*, 305 AD2d at 806; *People v Bennett*, 189 AD2d at 925).

Finally, when James conducted his frisk, he felt a baggy which he believed might be narcotics and, as a result, he asked defendant if what he felt was marihuana. Since defendant was being detained upon reasonable suspicion of criminality, James possessed the common-law right of inquiry and was entitled to ask pointed questions that would lead defendant to believe that he was suspected of wrongdoing and had become the focus of the officer's investigation (*see People v Hollman*, 79 NY2d 181 [1992]). When defendant conceded that what he possessed was illegal contraband, James had probable cause to arrest defendant and to seize the drugs. Thus, County Court properly denied the motion to suppress.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.