Carpinello, J.
Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 17, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
The police received a call from a citizen informant that two individuals were involved in drug activity at 59 Henry Street in the City of Kingston, Ulster County. Police officer Eric Van Allen and his partner responded to that address, located in an area known for narcotics dealing and gang activity, and approached defendant and another individual who were standing in front and who matched the description given the officers. As he got within 10 feet of the two individuals, Van Allen observed a pocket knife clipped to defendant’s pants pocket. Van Allen then conducted a pat-down frisk of defendant and took possession of the knife. As he continued the pat-down search, Van Allen felt a bulge in defendant’s sock. At that point defendant admitted that he was carrying marihuana and Van Allen subsequently removed multiple bags of marihuana from the sock and placed defendant under arrest. Defendant was then taken to police headquarters where Van Allen inquired if there was anything else he should be made aware of on defendant’s person. Defendant then admitted to carrying additional amounts of marihuana in his shoe and having other controlled substances, later determined to be cocaine, down his pants.
Defendant was thereafter indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and loitering in the first degree. Following the denial of defendant’s suppression motion, defendant pleaded guilty to criminal possession of a controlled substance in the third degree *818 in full satisfaction of the charges. Defendant was thereafter sentenced to a four-year term of imprisonment, with IV2 years of postrelease supervision.
On appeal, defendant challenges County Court’s suppression ruling, initially arguing that he was stopped and detained by the police illegally and that the evidence seized during the pat-down frisk was the product of an unlawful arrest. We disagree. When a police officer has a reasonable suspicion that a person has committed, is committing or is about to commit a crime, he or she is authorized to make a forcible stop and detain such person (see People v Cantor, 36 NY2d 106, 112 [1975]; People v Dorney, 35 AD3d 1032 [2006], lv denied 8 NY3d 921 [2007]; People v Roots, 13 AD3d 886, 887 [2004], lv denied 4 NY3d 890 [2005]). “To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion” (People v Cantor, 36 NY2d at 113; see Terry v Ohio, 392 US 1, 20 [1968]; People v Williams, 305 AD2d 804, 806 [2003]). Here, as defendant matched the description given by the citizen informant and was observed at the scene of the reported crime—an area known for drug trafficking—within minutes of the informant’s call to the police, Van Allen’s initial detention of him was based upon a reasonable suspicion supported by “articulable facts, credible objective evidence, and the rational inferences that flow therefrom” (People v Hicks, 68 NY2d 234, 243 [1986]; accord People v Buchta, 182 AD2d 853, 853 [1992], Iv denied 80 NY2d 829 [1992]; see People v Bailey, 259 AD2d 779, 780 [1999]; People v Shakur, 233 AD2d 793, 795 [1996], Iv denied 89 NY2d 1041 [1997]; People v Buyce, 152 AD2d 857, 858-859 [1989], Iv denied 74 NY2d 845 [1989]).
In effectuating a stop based upon a reasonable suspicion of criminal behavior, “the officer is authorized to frisk the person if the officer reasonably believes that he or she is in danger of physical injury” (People v Schwing, 14 AD3d 867, 868 [2005]; see CPL 140.50 [1], [3]; People v Williams, 305 AD2d at 806). As defendant was observed with a pocket knife clipped to his pants, we find that the pat down of defendant in search of other weapons was justified to protect Van Allen’s safety (see People v Buckmon, 199 AD2d 620, 621 [1993], lv denied 83 NY2d 803 [1994]; see generally Terry v Ohio, 392 US at 27). Defendant’s subsequent admission that he possessed marihuana upon Van Allen’s discovery of the bulge in defendant’s sock during the pat down provided probable cause for his arrest (see People v Smith, 275 AD2d 687 [2000], lv denied 95 NY2d 938 [2000]).
Defendant also contends that the admissions he made at po-
*819 lice headquarters before being searched concerning the marihuana in his shoe and the cocaine in his pants, as well as the drugs found on him, should have been suppressed as they were the result of an investigatory interrogation without the proper Miranda warnings. Clearly, police officers are authorized to search a defendant incident to his or her lawful arrest (see People v Ruppert, 42 AD3d 817, 818 [2007], lv denied 9 NY3d 964 [2007]; People v Ormsby, 30 AD3d 757, 758 [2006], lv denied 7 NY3d 816 [2006]). According to the testimony of Van Allen, deemed credible by County Court, defendant admitted to possessing the drugs in response to Van Allen’s routine inquiry if there was anything he should be aware of prior to conducting a search of defendant’s person as part of processing him pursuant to his arrest. As the record supports a finding that Van Allen’s inquiry was part of the normal utterances attendant to a search of an individual under arrest and defendant’s response was voluntary and not the product of an investigatory interrogation (see People v Burgess, 241 AD2d 765, 767 [1997], lv denied 91 NY2d 870 [1997]), we find no basis to disturb County Court’s determination that suppression of the evidence was unwarranted (see People v Phillips, 46 AD3d 1021, 1022 [2007], lv denied 10 NY3d 815 [2008]; People v Gutkaiss, 206 AD2d 628, 629-630 [1994], lv denied 84 NY2d 936 [1994]).
Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.