■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON TILLERY, Appellant. [875 NYS2d 343]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 20, 2008, upon a

verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

Two police officers, Sean Slingerland and Milton Johnson, working in plainclothes and driving an unmarked car, encountered four males (including defendant) standing in a street next to a Honda blocking traffic while talking to someone in another vehicle. After a short delay, the males moved from the middle of the street, allowing the officers to pass. As they were slowly passing, the officers heard one individual yell to another to "bring that shit over here" and then observed defendant remove a two-to-three-foot toy alligator from the back seat of the Honda. One of the individuals in the group ostensibly then directed defendant's attention to the officers' vehicle and he quickly tossed the toy alligator back into a rear seat of the Honda.

The officers parked, exited their vehicle and asked the group of males, who were back in the street, to step out of the street and onto the sidewalk. According to Johnson, he observed defendant reach for his pocket three times and, each time, instructed him to remove his hand from his pocket. After the third time, he asked defendant why he kept reaching for his pocket and defendant stated that he had bullets in his pocket. Upon hearing about bullets, Johnson inquired about a gun and defendant responded that one was located in the car. Slingerland looked in the Honda and saw the stuffed alligator with a sawed-off 12-gauge shotgun sticking out of it. Johnson patted down defendant and removed five shotgun shells from his right front pocket.

The sawed-off barrel was less than 18 inches and, accordingly, defendant was indicted on one count of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]; *see also* Penal Law § 265.00 [3]). Following a combined *Huntley/Dunaway/Mapp* hearing, County Court denied defendant's suppression motion. A jury trial ensued and defendant was convicted of the charged crime. He was sentenced to a prison term of nine years with three years of postrelease supervision, and now appeals.

We consider first defendant's contention that his statements and the evidence thereafter seized resulted from an unlawful search and seizure by police. Street encounters initiated by police are governed by the well-established graduated four-level test in which, generally stated, the level of permissible intrusion increases with the level of evidence of criminality (*see People v Moore*, 6 NY3d 496, 498-499 [2006]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Hill*, 30 AD3d 687, 687 [2006]; *People v Siler*, 288 AD2d 625, 625 [2001], *lv denied* 97 NY2d 709

[2002]). These encounters can be "dynamic situations during which the degree of belief possessed at the point of inception may blossom by virtue of responses or other matters which authorize . . . additional action as the scenario unfolds" (*People v De Bour*, 40 NY2d at 225; *see People v Clark*, 237 AD2d 372, 372 [1997], *lv denied* 90 NY2d 856 [1997]).

Here, evidence credited at the suppression hearing established that police had an objective, credible reason for approaching and speaking to defendant since he and his companions were partially blocking a street. The request that defendant not place his hand in his pocket as he moved toward the officer was a de minimis intrusion and a reasonable safety measure. Defendant's continued placing of his hand in the pocket elicited a reasonable inquiry as to why he was doing so. In answer to that question, defendant acknowledged bullets in his pocket, which elevated the level of permissible inquiry. Defendant then indicated that a gun was in the car, and Slingerland looked through the car window where, in open view, he could see the shotgun sticking out of the alligator, which provided probable cause to arrest defendant. Deferring to County Court's assessment of the witnesses' credibility (*see People v Hunter*, 270 AD2d 712, 713 [2000]), the police conduct was proper.

We find without merit defendant's assertion that his statements about bullets in his pocket and a gun in the car should have been suppressed since they were given before he received *Miranda* warnings. Such warnings are required before a custodial interrogation (*see e.g. People v Paulman*, 5 NY3d 122, 129 [2005]). The credible evidence at the suppression hearing reveals that defendant was not in custody prior to when he volunteered this information.

We are unpersuaded by defendant's argument that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. The People were required to prove that defendant possessed a loaded firearm in a place that was not his home or business (*see* Penal Law § 265.03 [3]). A "firearm" includes "a shotgun having one or more barrels less than eighteen inches in length" (Penal Law § 265.00 [3]), and the term "loaded firearm" includes "any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15]). There was evidence at trial that the shotgun barrel had been sawed off to less than 18 inches, the gun was operable, the ammunition in defendant's pocket could be used in that weapon and the police saw defendant possessing the toy alligator in which the weapon had been placed. Viewed

most favorably to the People, the evidence is legally sufficient since there was a valid line of reasoning and permissible inferences for a rational person to arrive at the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Having also independently weighed and considered the evidence in a neutral light, we find the verdict supported by the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643-645 [2006]).

Defendant argues that the prosecutor made several improper statements during summation that deprived him of a fair trial. During summation, defendant objected to the prosecutor's comment that two police officers saw him carrying "that particular item." He contended that there was no evidence that the officers saw him carrying the gun. However, the prosecutor's comment, considered in context, related to seeing defendant carrying the toy alligator, in which the gun had been placed. Moreover, when defendant objected, County Court instructed the jurors that their recollection of the evidence controlled. This did not constitute the type of conduct for which reversal would be warranted (*cf. People v Wlasiuk*, 32 AD3d 674, 681 [2006], *appeal dismissed* 7 NY3d 871 [2006]; *People v De Vito*, 21 AD3d 696, 700 [2005]; *People v Russell*, 307 AD2d 385, 386-387 [2003]). The other allegedly improper comments by the prosecutor were not preserved by a timely objection at trial (*see People v Westervelt*, 47 AD3d 969, 974 [2008], *lv denied* 10 NY3d 818 [2008]) and, in any event, would not require reversal. Defendant's remaining arguments, including that he did not receive the effective assistance of counsel, have been considered and found unavailing.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.