■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY D. LYNG, Appellant. — Appeal from a judgment of the

County Court of Saratoga County (Brown, J.), rendered September 16, 1983, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant maintains that the trial court erred in denying his motion to suppress certain evidence. The basis for suppression urged by defendant is that the initial detention of him by the police was illegal. We disagree.

Defendant was observed by a deputy sheriff at 3:00 A.M. outside a closed service station, with a taxicab nearby. The officer considered the situation sufficiently unusual that he stopped to investigate. Upon closer observation of defendant, who was walking toward the cab, the officer saw that defendant had a cut on his hand and that his pockets were bulging with what sounded like coins. In response to the officer's questions, defendant gave his name and an explanation as to his whereabouts during the evening. The officer knew that the bar where defendant said he had been drinking was, in fact, closed. The officer then radioed for assistance and the deputy sheriff who responded recognized defendant and was aware of his criminal record. The police were also aware of a number of recent burglaries involving the theft of coins, although none had then been reported on the evening in question. Defendant was questioned further at the scene and then transported to the police station, where his request to phone an attorney was honored. During this initial period of detention, which lasted less than an hour, the police saw a screwdriver fall out of defendant's pocket and observed the handle of a hammer protruding from defendant's sleeve.

Under these circumstances, the officers had reasonable suspicion that criminal activity was afoot and thus were justified in stopping defendant and inquiring of him (*People v Landy,* 59 NY2d 369, 376). When defendant responded to initial questions with what the police knew to be a lie, they were justified in holding him briefly until they could ascertain whether a crime had been committed (*People v Wheeler,* 61 AD2d 737). During this brief period of detention, the police observed the screwdriver and hammer and seized them as a result of these observations, rather than due to any body search or frisk (cf. *People v Russ,* 61 NY2d 693). Shortly thereafter, a burglary involving the theft of coins was reported and defendant was arrested. In view of these circumstances, we find no error in the trial court's denial of defendant's suppression motion.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.