■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DENBY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered November 30, 1984, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree.

At approximately 3:15 A.M. on March 2, 1984, a Citgo Service Station in the Village of Monticello, Sullivan County, was broken into. The forced entry activated a silent burglar alarm which sounded in the local police station one block away. Within minutes, two officers responded. Officer Michael Bunce, first to arrive at the scene, observed defendant in a parking lot approximately 75 feet from the service station, carrying several cartons of cigarettes in his arms across his chest, and that the glass window of the station's door was shattered. As he exited his vehicle he called to defendant to stop and approach the squad car, which the latter did. When defendant reached the front of the vehicle, Bunce ordered him to drop what he was carrying. As defendant opened his arms, the cartons fell and Bunce heard a metallic "thud" on the pavement; Officer James Curry, who just moments before had appeared on the scene, saw a small handgun and holster fall to the ground. The gun was later found to be both operable and loaded. Defendant, though not told he was being arrested, was placed against the patrol car, frisked for weapons, handcuffed and then searched. As a result of the search, a calculator and a manila envelope were seized. A custodial strip search, conducted shortly thereafter at the police station, disclosed defendant was in possession of several stolen foreign stock certificates bearing the name of one Theodore Levine.

Following a suppression hearing, the physical evidence seized was ruled admissible at trial. Tried and convicted by a jury on all four counts of the indictment, defendant appeals.

Defendant maintains that denial of his suppression motion constituted reversible error because the critical facts developed at the hearing did not support County Court's conclusion that the officers had probable cause to "stop and frisk" defendant. We disagree.

County Court found that at an early morning hour Officer Bunce, responding immediately to an activated burglar alarm, observed defendant walking in close proximity to the break-in; that defendant, the only person in the vicinity, was carrying numerous cartons of cigarettes; that the officer observed physical damage to the closed service station; and that the officer knew cigarettes were sold there. These findings all have ample support in the record and gave rise to a reasonable suspicion that defendant had committed a crime and afforded justification for the officers to forcibly stop and detain him (see, People v Lyng, 104 AD2d 699, 700; see also, CPL 140.50 [1]). When defendant cooperated and dropped the items he was carrying, revealing the handgun, clearly there was probable cause for his arrest. Once arrested, the officers had authority to conduct the search they did (see, People v Valo, 92 AD2d 1004, appeal dismissed 60 NY2d 588).

A collateral argument advanced by defendant, that testimony elicited from the officers at trial contradicted that which they gave at the suppression hearing and hence a reversal in the interest of justice (CPL 470.15 [6]) is warranted, is equally unconvincing. Several testimonial inconsistencies are present, but they are de minimis and tangential to the dispositive issue of whether the officers had reasonable suspicion to stop and detain defendant for investigative purposes; as to this, the testimony is not contradictory. We have considered the other points urged by defendant and find them also lacking in merit.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.