■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. HICKS, Appellant. [599 NYS2d 192] —Weiss, P. J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered November 18, 1991, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

On December 6, 1990, as part of a Franklin County burglary investigation and in response to an informant's tip, State Police investigators went to the apartment of Michael Derosier in the Village of Saranac Lake where they first encoun-

tered defendant. The State Police asked Derosier, defendant and Jean Blanchard, defendant's girlfriend, to come to the Raybrook barracks for questioning. Following defendant's denial of involvement in the burglaries, the State Police asked him to take a polygraph test. During the preparation for the test, defendant broke down and admitted involvement in a related Saratoga County burglary. Defendant was indicted in Saratoga County Court on one count of burglary in the first degree. He moved to suppress his oral and written confessions, contending that he had been detained without probable cause and had not been timely advised of his constitutional rights. After a hearing, County Court specifically credited the version testified to by three State Police investigators over the testimony of witnesses offered by the defense. Prior to trial, defendant pleaded guilty to a reduced charge pursuant to a plea agreement. On this appeal, defendant has challenged the determination made by County Court on his suppression motion, contending that his version suggesting an illegal detention should prevail.

We accord much weight to the determination of the suppression court which had the advantage of observing the demeanor and hearing the testimony of witnesses *(People v Prochilo,* 41 NY2d 759, 761). Here, credibility was the decisive factor in resolving the suppression issue *(see, People v Brainard,* 122 AD2d 299, 300, *lv denied* 68 NY2d 913; *People v Chambers,* 105 AD2d 1013, 1014). We find that an innocent person in defendant's position would not have reasonably considered himself in custody prior to the voluntary confession *(see, People v Yukl,* 25 NY2d 585, 588, 590-591, *cert denied* 400 US 851). Our review of the record reveals no reason to disturb the determination that defendant had voluntarily accompanied the investigators and was not in custody, that he had appropriately been given his constitutional preinterrogation warnings on several occasions, and that he waived his constitutional rights prior to questioning and making his voluntary statement *(see, People v Centano,* 76 NY2d 837). Accordingly, the judgment should be affirmed.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.