■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. GREENE, Appellant. [599 NYS2d 743] —Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 4, 1991, upon a verdict convicting defendant of the crimes of burglary in the third degree (two counts) and petit larceny (two counts).

On May 16, 1991, Police Officer Wesley Dibble received two radio transmissions while patrolling in the City of Elmira,

Chemung County. The first transmission reported a burglary in progress at a barber shop located in the area of South Main Street and Pennsylvania Avenue. The second transmission stated that a Black male, wearing a black and multicolored shirt and carrying items in his hands, had been seen exiting the barber shop and was proceeding north on Pennsylvania Avenue. Upon arriving on the scene, Dibble encountered defendant, a Black male wearing a black shirt and the only person in the area, walking north on Pennsylvania Avenue and carrying a six-pack of soda and a crockery container. Dibble ordered defendant to lie on the ground. At the same time, Police Sergeant William Maloney arrived on the scene and was told by a resident of the area that he had seen defendant come out of the back of the barber shop. Maloney then crossed the street to assist Dibble and defendant was patted down and handcuffed. The crockery container was found to contain change stolen from the barber shop. County Court denied defendant's motion to suppress the physical evidence recovered from defendant. After a jury trial, defendant was convicted of two counts of burglary in the third degree and two counts of petit larceny. Defendant appeals, contending that County Court erred in failing to suppress the evidence.

Police are authorized to forcibly stop, frisk and detain a person when they have reasonable suspicion that a person was involved in a crime (see, People v Martinez, 80 NY2d 444, 447; People v De Bour, 40 NY2d 210, 223). We find that Dibble had reasonable suspicion to believe that defendant had committed a crime given the proximity of defendant to the time and place of the reported burglary and the fact that he matched the description given and was the only person in the area (see, People v Chin, 178 AD2d 423, lv denied 79 NY2d 945; People v McLaughlin, 132 AD2d 712, lv denied 70 NY2d 752). Further, once Maloney arrived on the scene with information from a bystander that he had seen defendant come out of the barber shop, the officers had probable cause to arrest defendant (see, People v Blunt, 162 AD2d 544). County Court therefore properly denied defendant's motion to suppress.

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.