(March 23, 2000)

■ The People of the State of New York, Respondent, v Tracey K. Hunter, Appellant. [705 NYS2d 118] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 10, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant was charged in a two-count indictment with the crimes of forgery in the second degree and criminal possession of stolen property in the fourth degree. The charges stem from allegations that he provided a stolen credit card to another individual who attempted to use it to purchase merchandise at a department store. Defendant moved to suppress certain oral and written statements he made to police on the ground that, *inter alia*, his arrest outside the department store was not supported by probable cause. County Court denied the motion after a hearing and defendant ultimately pleaded guilty to the crime of criminal possession of stolen property in the fourth degree in full satisfaction of the indictment. He was sentenced in accordance with the plea agreement as a second felony offender to a prison term of 2 to 4 years. Defendant appeals, challenging County Court's suppression ruling that the police had probable cause to arrest him for theft of services.

The suppression hearing testimony credited by County Court established that, on the evening in question, a police officer responded to a radio report that a taxicab driver parked outside a department store was experiencing difficulty obtaining payment from his passenger. Upon arriving at the scene, the taxicab driver informed the police officer that the passenger, defendant, could not pay the fare and had been waiting in the taxicab for a significant period of time for a second passenger— who had entered the department store—to return and pay the fare. The taxicab driver, based upon a belief that the second passenger was not going to return, expressed interest in filing theft of services charges (*see*, Penal Law § 165.15 [3]), prompting the police officer to request that defendant step out of the taxicab and identify himself.

While the police officer was interviewing defendant, the department store manager approached the police officer regarding an individual inside the store who had attempted to use a stolen credit card. When store security officers brought the individual outside, the taxicab driver identified him as the second passenger who had exited the taxicab. The individual stated that he obtained the stolen credit card from defendant, at which point defendant stated that the credit card belonged to a

relative. Defendant then agreed to accompany the police officer to the department store's security office where, after it was ascertained that the credit card had been reported stolen, defendant was formally arrested and provided a written inculpatory statement. The cab driver left when the others went into the store and never pursued any charge against defendant for theft of services.

Although defendant's version of events differed from that provided by the police officer, we accord considerable deference to the credibility determinations of County Court, which had the advantage of observing the demeanor of the witnesses (*see, People v Hicks*, 194 AD2d 930, 931, *lv denied* 82 NY2d 719). Upon our review, we find no reason to disturb the court's ruling denying defendant's suppression motion. Regarding County Court's finding that defendant was not free to leave while being questioned on the theft of services charge, we agree that this constituted a de facto arrest which was supported by probable cause in the form of the information relayed by the taxicab driver that defendant refused to pay the fare (*see, People v De Bour*, 40 NY2d 210, 216-217; *see generally, People v Ocasio*, 241 AD2d 933, 934, *lv denied* 90 NY2d 908). Thereafter, the police officer had reasonable suspicion to detain defendant for questioning on the charges relating to the stolen credit card based upon the individual's statement that he obtained the credit card from defendant (*see, People v Maye*, 206 AD2d 755, *lv denied* 84 NY2d 1035; *People v Greene*, 195 AD2d 619, 620, *lv denied* 82 NY2d 895; *People v Denby*, 125 AD2d 867, 868). Once it was established that the credit card had in fact been reported stolen, probable cause existed to arrest defendant on the present charges (*see, People v Bingham*, 263 AD2d 611, 612, *lv denied* 93 NY2d 1014). Accordingly, County Court properly denied defendant's motion to suppress.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.