■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER F. UPDIKE, Appellant. [728 NYS2d 574] —Mugglin, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 29, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a dangerous weapon in the first degree.

Defendant's plea of guilty to the crime of attempted criminal possession of a dangerous weapon in the first degree and the resultant four-year sentence were negotiated in full satisfaction of an indictment charging defendant with possession of a dangerous weapon in the first degree and arson in the third degree. The charges stemmed from defendant doing approximately $2,000 worth of damage to an automobile by attaching an M-80-type firecracker device to the door handle and exploding it. At some time prior to the entry of the plea, County Court, after a hearing, ruled that defendant's statement to the police was voluntary and admissible. As part of the negotiated plea bargain, defendant waived "any and all further hearings" to which he may have been entitled, as well as his "right to appeal this process * * * constitutionally or otherwise." Nevertheless, defendant now appeals claiming that his statement should have been suppressed because it was taken in the absence of counsel after he had invoked his right to counsel and that his right to appeal this issue is unaffected by his waiver. For the following reasons, we affirm the judgment of conviction.

Appellate review of an order rendered following a suppression hearing is statutorily permitted even when a guilty plea is entered on an underlying charge (see, CPL 710.70 [2]). The right to such an appeal may be waived, however, as long as the waiver is voluntary, knowing and intelligent (see, People v Seaberg, 74 NY2d 1, 11). We disagree with defendant's first contention that the absence of any specific reference to a waiver of the right to appeal from the suppression order indicates that he did not knowingly and intelligently waive this issue. In our view, given the broad language employed by County Court, defendant's status as a well-educated, former science teacher and his representation by able counsel clearly support the conclusion that he knowingly waived his right to appeal from the only hearing which occurred prior to the plea colloquy.

Next, we also disagree with defendant that issues of credibility concerning the police testimony during the suppression hearing and the manner in which the police witnessed his signature on his *Miranda* waiver form implicate the integrity of the criminal justice system to the point where we should overlook his waiver of his right to appeal (see, People v Callahan, 80 NY2d 273, 282). Issues of police credibility are common in criminal prosecutions. In the absence of any other evidence in this record which would suggest that the negotiated plea bargain was unreasonable or the product of coercion, we are unpersuaded by this argument. We, therefore, conclude that defendant knowingly and intelligently entered into the plea bargain with a full understanding and appreciation of all of its consequences, including the waiver of his right to appeal the suppression hearing order. Nevertheless, were we to reach the issues raised, we would still conclude that no error was committed by County Court.

At the suppression hearing, the police testified that they took defendant into custody at a store where he worked. They denied that he asked for an attorney. Two young women testified that they were customers at the store at that time, that defendant was behind the rear counter when the police confronted him and that they heard him tell the police that he wanted an attorney. Two other witnesses, one a customer in the store and one an employee of the store (who said he, not defendant, was behind the rear counter) testified that defendant was in the aisle when the police confronted him and that defendant spoke in a voice so low that they could not hear his statements. The police admit that after they arrived at the police station, defendant stated that a relative of his, a State Trooper, told him that if he was ever in trouble with the police

to ask for an attorney. Nevertheless, the police testified that they immediately asked defendant if he wanted an attorney, and he replied in the negative. Notably, defendant did not testify.

Under such circumstances, it is County Court's obligation to resolve conflicting testimony by assessing the credibility of the witnesses (*see, People v Hicks*, 194 AD2d 930, *lv denied* 82 NY2d 719). In the suppression hearing, credibility was the decisive factor (*see, People v Brainard*, 122 AD2d 299, 300, *lv denied* 68 NY2d 913) and considerable deference is afforded to the determination of the suppression court (*see, People v Campbell*, 279 AD2d 797). Such determinations are only disturbed if "erroneous as a matter of law or unsupported by the record" (*People v Johnston*, 273 AD2d 514, 515, *lv denied* 95 NY2d 935). This record affords no basis upon which to disturb County Court's finding.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.