■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON WELLS, Appellant. [795 NYS2d 383]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 1, 2002, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

On defendant's motion, County Court held a *Huntley* hearing and, in a detailed written decision, denied his motion to suppress his September 20, 2001 statements to police. Defendant later pleaded guilty to felony murder, admitting that he shot and killed Arthur Hayes on September 18, 2001, during a planned late-night robbery perpetrated with three other men in the hamlet of Mountaindale in the Town of Fallsburg, Sullivan County. Sentenced to 20 years to life in prison in accordance with the plea agreement, defendant now appeals, solely challenging County Court's denial of his motion to suppress his statements. We affirm.

Upon review of the testimony adduced at the suppression hearing, we find full support for County Court's factual findings and credibility determinations that defendant, age 18, voluntarily accompanied police from his home to the Fallsburg police station. Defendant was read and validly waived his *Miranda* warnings at the outset and on at least three subsequent occasions, indicating that he understood them and agreed to speak

with police. He thereafter provided a statement to police which was voluntary and admissible at trial (*see People v Comfort,* 293 AD2d 822, 822-823 [2002], *lv denied* 98 NY2d 674 [2002]).

The People's evidentiary showing convincingly established that after briefly questioning defendant in the hours just after the murder, Fallsburg police had released him. Two of defendant's accomplices later gave statements implicating defendant and were arrested. Around 3:00 P.M. on September 20, 2001, police arrived at the house where defendant lived with his grandmother, defendant came outside and police explained that they wanted to speak to him again about the "incident in Mountaindale." Defendant agreed to accompany them, and received and waived *Miranda* warnings, indicating that he understood and would proceed without an attorney; defendant was handcuffed pursuant to routine safety procedures but was not arrested, and no questioning occurred during his transport by one officer. At the station defendant was placed in an interview room, the handcuffs were removed, he again was advised of and waived his *Miranda* rights, and was then questioned by a Village of Monticello police officer and a State Police investigator. He initially denied any involvement but, when told of his accomplice's statement, defendant became remorseful and admitted his role as the shooter. Defendant's three-page written statement, also containing *Miranda* warnings, was transcribed between 7:00 P.M. and 9:30 P.M., then read to him and he signed each page, initialing corrections.

While defendant was arguably not free to leave once he agreed to go to the station for questioning (*see People v Centano,* 76 NY2d 837 [1990]), the record supports County Court's findings that he repeatedly received and waived his *Miranda* rights and never asked for an attorney, to make a call or to speak with his family, which were based upon the testimony of several police officers; the court reasonably discredited defendant's contrary testimony that he repeatedly requested an attorney and never received *Miranda* warnings during this investigation or at any time in his six or more prior misdemeanor arrests (*see People v Reid,* 2 AD3d 1061, 1062 [2003], *lv denied* 3 NY3d 646 [2004]; *People v Updike,* 285 AD2d 744, 746 [2001]). The questioning was not unduly long or coercive, defendant remained very cooperative and received food, drink and breaks and he was not physically restrained or threatened, undermining his later claim of involuntariness (*see People v Marx,* 305 AD2d 726, 727-728 [2003], *lv denied* 100 NY2d 596 [2003]).

At the time he was questioned, defendant was an adult, capable of waiving (or invoking) his *Miranda* rights, his where-

abouts were not concealed from his family and no trickery or deception was used to extract his waiver of constitutional rights and confession. Notably, police were not required to provide his grandmother with access to him during his interrogation (*see People v Salaam,* 83 NY2d 51, 55-56 [1993]; *People v Humphrey,* 15 AD3d 683, 685 [2005]; *People v Insonia,* 277 AD2d 819, 820-821 [2000], *lv denied* 96 NY2d 735 [2001]; *cf. People v Bevilacqua,* 45 NY2d 508 [1978]). As the People met their burden of demonstrating that defendant's statements were voluntary and taken in compliance with his constitutional rights, his suppression motion was properly denied.

Cardona, P.J., Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.