■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY A. HUNT, Appellant. [814 NYS2d 401]—

Mugglin, J. Appeal from a judgment of the County Court of Delaware County (Burns, J.), rendered March 7, 2005, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

On the morning of the second day of jury selection, defendant executed a "plea and cooperation agreement" pursuant to which he would plead guilty to manslaughter in the first degree in full satisfaction of a three-count indictment charging him with murder in the second degree, manslaughter in the first degree and gang assault in the first degree. Paragraph 2 (b) of the agreement provided: "At the time of the plea, [defendant] shall waive all right of appeal and withdraw any pending motions." At the conclusion of the plea colloquy, a copy of the agreement was filed with County Court. Prior to sentencing, the court received a letter from defendant which it construed as a pro se motion to withdraw the guilty plea based on the assertion that the plea had been coerced by the conduct of his assigned attorneys. Following an evidentiary hearing, County Court denied the motion and sentenced defendant in accordance with the agreement to a prison term of 23 years, with five years of postrelease supervision. Defendant appeals, continuing to assert that his motion to withdraw the plea should have been granted and that County Court erred by not suppressing statements allegedly taken in violation of his rights.

First, a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court and will not be granted absent a claim of innocence or a claim of fraud or mistake in the inducement of the plea, which claim must be supported by appropriate evidence (*see People v Lane*, 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Davis*, 250 AD2d 939, 940 [1998]). Here, the record reveals no basis to vacate the plea of guilty. While the minutes of the plea colloquy reflect that one of his attorneys, not defendant, answered "No" to County Court's inquiry as to whether anyone threatened defendant or forced him in any way to plead guilty, these minutes also reflect defendant's agreement that he had adequate time to consult with counsel before deciding to plead and that he was satisfied with their legal services. Defendant's claim of coercion stems from his meetings with counsel on the Saturday prior to trial. Defendant claimed that, at those times, counsel "screamed" at him and called him derogatory names in an effort to get him to accept the plea bargain offered. While one counsel admitted to raising his voice, both essentially denied defendant's claims. Notably, defendant continued to insist on a trial until the second morning, when he met with his parents while neither attorney

was present and then advised counsel that he would plead guilty. Consequently, we find no basis to disturb the court's findings with respect to the issues of credibility and the lack of evidentiary support for defendant's present claim.

Next, defendant's challenge to the *Huntley* hearing determination is precluded by his waiver of appeal if it was voluntary, knowing and intelligent (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Updike*, 285 AD2d 744, 745 [2001]). Defendant does not claim otherwise, and review of the record makes clear that—although County Court initially used language of forfeiture, not waiver (*see People v Lopez*, 6 NY3d 248, 256-257 [2006])—the court's further explanation and the executed waiver of appeal result in the conclusion that defendant comprehended that he waived his right to appeal rather than forfeiting such right as a result of his plea. In any event, were we to reach the suppression issue, we would concur with County Court's determination that defendant's responses to the correction officer during the booking procedure were spontaneous and admissible (*see People v Rivers*, 56 NY2d 476, 480 [1982]). Moreover, although it is unclear from this record, even if defendant was represented by counsel on a prior pending charge in Justice Court, inasmuch as he was taken into custody for questioning on the new unrelated charge, he may, and did, waive the right to counsel on the new charge (*see People v Steward*, 88 NY2d 496, 501-502 [1996]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.