■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED TURNER, Appellant. [829 NYS2d 261]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 8, 2005, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

The victim awoke at about 3:30 A.M. when he heard someone on a lower level of his residence in the City of Albany. He yelled at and briefly observed the intruder, who took the victim's cell phone and left. The victim called 911 and the person who had been in his home was described as a black male dressed in two-tone tan clothes. Police Officer Vincent Foley arrived at the scene within five minutes and transmitted to other police officers that the suspect may be in possession of a silver-colored cell phone.

Shortly thereafter, at about 3:42 A.M., Police Officer Brian Hogan was driving within two to three blocks of the crime scene when he observed defendant, a black male who was wearing two-tone tan clothing, walking in an area where there was very little pedestrian traffic and talking on what appeared to be a silver cell phone. Hogan approached defendant and requested him to hang up the cell phone. Hogan then contacted Foley, who dialed the victim's cell phone number, the cell phone on which defendant had been talking rang, and Hogan answered it recognizing Foley's voice.

Defendant was arrested and indicted for the crimes of burglary in the second degree and petit larceny. Following a hearing, County Court denied defendant's motion to suppress evidence taken from him, including the cell phone, as the fruit of an illegal stop. A jury found him guilty of the charged crimes. He was sentenced to time served for the misdemeanor and, for the class C felony, he was sentenced as a predicate felony offender to a prison sentence of 12 years and five years of postrelease supervision. Defendant appeals.

Defendant argues that his stop and subsequent arrest were illegal and, thus, that the evidence obtained from him should have been suppressed. He contends that, under the four-tiered method for evaluating street encounters initiated by police (*see People v Moore*, 6 NY3d 496, 498-499 [2006]), his stop was a level three, which requires reasonable suspicion that he had committed a crime (*see id.*; *People v Martinez*, 80 NY2d 444, 448 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]), and he asserts that the police lacked reasonable suspicion to stop him. We need not be detained by determining which level the initial stop falls within since, even if it was, as urged by defendant, a level three, the requisite reasonable suspicion was established. Defendant's race and clothes were consistent with the description of the perpetrator, he was located close in time and proximity to the crime scene (at an hour of day when few people were out on the streets), and he was openly using a cell phone that matched the one reportedly stolen from the crime scene. This evidence provided Hogan with reasonable suspicion of defendant's involvement (*see People v Shakur*, 233 AD2d 793, 795 [1996], *lv denied* 89 NY2d 1041 [1997]; *People v Greene*, 195 AD2d 619, 620 [1993], *lv denied* 82 NY2d 895 [1993]), and upon confirming that the cell phone was, in fact, the one removed from the victim's residence, there was probable cause to arrest defendant.

Next, defendant contends that he was denied the effective assistance of counsel. The well-established gauge used to measure counsel's effectiveness is whether the representation afforded was meaningful (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi, supra* at 147). Caution must be exercised not to engage in undue "second-guess[ing] with the clarity of hindsight" (*People v Benevento*, 91 NY2d 708, 712 [1998]). Here, defendant asserts that his counsel's decision not to use more peremptory challenges and to permit five jurors with either a background in or a familial connection to law enforcement to remain on the panel resulted in a jury that was not impartial. These five jurors, however, were questioned and all indicated that they would be impartial. Moreover, defense counsel did use a peremptory challenge to remove one juror who was related to an individual with a law enforcement background. Another juror was excused by consent when, dur-

ing questioning by defense counsel, she acknowledged being partial to police. Upon review of the record, we are unpersuaded that counsel's strategy during jury selection fell below the requisite level of effective assistance (*see People v Wright*, 297 AD2d 875, 875 [2002]; *People v Driscoll*, 251 AD2d 759, 761 [1998], *lv denied* 92 NY2d 896 [1998]; *see also People v Davis*, 15 AD3d 930, 931-932 [2005], *lv denied* 5 NY3d 761 [2005]) and review of the entire record reveals that defendant received meaningful representation.

Finally, defendant urges that his sentence should be reduced in the interest of justice. We are unpersuaded. Although defendant had apparently made some steps to be a productive member of society, the nature of this crime together with his criminal past provided ample support for the sentence. County Court was aware of defendant's background and it imposed less than the maximum sentence permissible. We discern neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence imposed by County Court (*see People v Sidbury*, 24 AD3d 880, 881-882 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Morris*, 275 AD2d 818, 818 [2000], *lv denied* 96 NY2d 737 [2001]).

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.