■ The People of the State of New York, Respondent, v Christopher Henderson, Appellant. [844 NYS2d 475]—

Kane, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 25, 2004, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

Defendant, who is married to the victim's ex-wife, approached the victim and struck him several times with a cane, injuring the victim. A jury did not accept defendant's justification defense, instead finding him guilty of assault in the second degree and criminal possession of a weapon in the third degree. Defendant appeals.

Defendant was not deprived of a fair trial. His contention that the People may not have disclosed *Brady* and *Rosario* material is not supported by the record, which does not reveal the existence of such material (*see Matter of James A.*, 298 AD2d 240 [2002]).

Defense counsel was not ineffective when he agreed that defendant's prior conviction and its underlying facts were admissible. It appears that counsel made a strategic choice to admit these facts on defendant's direct testimony—lessening the impact of the conviction, and highlighting the nonviolent aspect and minimal involvement by defendant—and counsel's legitimate choice should not be second-guessed (*see People v Turner*, 37 AD3d 874, 876 [2007], *lv denied* 8 NY3d 991 [2007]). In any event, the prior conviction of welfare fraud was admissible on cross-examination of defendant as it was relevant to defendant's credibility (*see People v Mangan*, 258 AD2d 819, 821 [1999], *lv denied* 93 NY2d 927 [1999]).

Counsel's choice to not challenge two jurors was not ineffective assistance, but a tactical decision which we will not invade. The court must inquire further if a juror's statements cast serious doubt on the ability to remain fair and impartial (*see People v Bludson*, 97 NY2d 644, 645-646 [2001]; *People v Faulkner*, 36 AD3d 1071, 1073 [2007]). Here, in contrast to a juror's earlier statement that he might place more confidence in testimony from a police officer because the juror worked as a US Border Patrol agent, during defense counsel's voir dire that juror stated, "I'd like to think I'd be totally a hundred percent impartial" (*see People v Turner*, 37 AD3d at 876). Based on this statement clarifying his views and his ability to adhere to the law, no further court inquiry was required. That juror was also divorced, which may have played a role in counsel's selection of him considering the relationship of the victim to defendant. No

indication of bias toward the prosecution was revealed by another juror merely because a police officer witness was a friend of the juror's sister in college, especially considering that the police officer who testified did not observe the assault. As counsel appeared to have strategic reasons for declining to challenge these two jurors and for permitting questions regarding defendant's prior conviction, defendant received the effective assistance of counsel (*see People v Ryan*, 90 NY2d 822, 823-824 [1997]; *People v Turner*, 37 AD3d at 876).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.