■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIKKI S. RAINEY, Appellant. [853 NYS2d 807]—

Memorandum: On appeal from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), assault in the second degree (§ 120.05 [6]), and two counts of robbery in the second degree (§ 160.10 [2] [a], [b]), defendant contends that the detention of the vehicle in which she was a passenger was unconstitutional and that County Court therefore erred in refusing to suppress the evidence seized as a result thereof. Although defendant does not challenge the initial stop of the vehicle, she contends that the New York State Trooper who stopped the vehicle detained her for a period of time that exceeded constitutionally permissible limits. We reject that contention.

The People presented evidence at the suppression hearing establishing that, after stealing a purse from a 62-year-old woman in a parking lot, defendant entered a vehicle that was driven by her boyfriend. Shortly thereafter, a Trooper stopped that vehicle for speeding, inasmuch as the vehicle was being driven at a rate in excess of 90 miles per hour. The Trooper testified that he saw movement by both occupants as he pulled over the vehicle and that the driver "was acting in a highly nervous state of mind type and very high nervous state" and had his hands on the steering wheel with his fingers extended. The Trooper considered that an abnormal reaction for a driver being stopped for speeding. The Trooper further testified that, without prompting, the driver stated several times, "you see my hands." The driver told the Trooper that he was traveling from Pittsburgh, Pennsylvania to Chili, New York but, given the location of the stop and the direction of travel, the driver's statement seemed implausible to the Trooper.

The Trooper further testified that he became concerned for

his safety when he saw defendant reach into the back area and underneath the front area of the vehicle, and he asked the driver to exit the vehicle. The Trooper conducted a pat-down search of the driver and found no weapons, and he asked the driver to stand outside the Trooper's vehicle while the Trooper checked his driver's license. After determining that the driver's license was valid, the Trooper approached the vehicle and asked defendant, the only passenger therein, what was underneath the clothing on the rear passenger seat and floor of the vehicle. Defendant lifted a garment, revealing a brown leather bag that defendant identified as her purse. The Trooper returned to his vehicle and requested backup, which arrived approximately five minutes later.

The testimony at the suppression hearing established that approximately 10 minutes had elapsed from the time of the initial stop until the Trooper ascertained that the driver's license was valid. The officer who responded to the call for backup knew that the vehicle had been identified as the getaway vehicle used in the recent robbery, and defendant and the driver were placed under arrest for the robbery.

We conclude that the detention of defendant was proper inasmuch as it was based on the requisite reasonable suspicion of criminal activity (*see People v Harris*, 186 AD2d 148 [1992]; *People v Lyng*, 104 AD2d 699 [1984]). Defendant's reliance on *People v Banks* (85 NY2d 558 [1995], *cert denied* 516 US 868 [1995]) is misplaced because, in that case, the driver of the vehicle had been detained after he was issued traffic tickets. Here, the Trooper testified that he had not given the driver a traffic ticket before backup arrived, and there was no evidence to the contrary.

Defendant's further contentions concerning the alleged legal insufficiency of the evidence are not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Finally, we conclude that the sentence is not unduly harsh or severe. Present— Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.