■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD STANLEY MILLER, Appellant.—Appeals by defendant from (1) two judgments of the Supreme Court, Queens County, both rendered April 26, 1976, convicting him of two counts of robbery in the first degree, upon his pleas of guilty, and imposing sentences, and (2) (by permission) an order of the same court, dated July 10, 1979, denying defendant's motion to vacate those judgments. Judgments and order affirmed. Prior to his pleas, defendant had made a motion for omnibus relief,

including the dismissal of some or all of the counts against him. The court offered to allow defendant to plead guilty to two counts of robbery in the first degree in full satisfaction of two indictments pending against him, and promised to impose concurrent sentences of 7½ to 15 years, but only on condition that defendant withdraw his motion and plead guilty immediately. The court made it clear that if defendant rejected this offer, he would be required to go to trial. The defendant accepted the offer, withdrew his motion, and pleaded guilty. Reasonable conditions, such as the withdrawal of pending motions, may be attached to permission to enter a guilty plea (see *People v Esajerre,* 35 NY2d 463). Such conditions must not amount to overreaching or a denial of a defendant's entitlement to fundamental fairness (see *People v White,* 32 NY2d 393), particularly when the court brings its naturally intimidating power into play during the plea negotiations (see *United States ex rel. Elksnis v Gilligan,* 256 F Supp 244). We hold that under the circumstances present here, defendant's rights were duly preserved. Further, his delay of three years in bringing the motion to vacate the judgments militates against granting the requested relief. Defendant's arguments as to entitlement to work release are not well taken, for participation in such a program is deemed a "privilege", giving rise to no vested rights cognizable under the ex post facto doctrine (see Correction Law, § 855, subd 9; *People ex rel. McNiel v New York State Bd. of Parole,* 57 AD2d 876). Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.