■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVON SERGEANT, Appellant. [721 NYS2d 399] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered February 6, 1998, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Golar, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

On February 1, 1996, the police were canvassing the vicinity of 147th Street and Northern Boulevard in Queens, New York, after a rash of armed robberies in the area. A detective assigned to the investigation observed the activities of the defendant in the area and noted that he matched the description of the robbery suspect. As the detective approached the defendant, he announced "police," and the defendant ran away. The detective followed and soon thereafter the defendant voluntarily stopped and remarked that he ran away because he had marihuana on his person. A search of the defendant resulted in the seizure of tangible property and contraband from his person and resulted in his arrest. The defendant subsequently

made a series of statements to law enforcement officials and later was identified in a lineup procedure.

The defendant seeks suppression of all items of physical evidence taken from his person, the statements he made to law enforcement officials, and the evidence of his identification during a lineup procedure. However, the defendant has not preserved for appellate review his argument that the detective lacked reasonable suspicion to approach and then pursue him, because he failed to raise that claim in a timely manner in the Supreme Court (*see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029). In any event, the Supreme Court properly denied those branches of the defendant's motion which were to suppress that evidence (*see, People v Leung,* 68 NY2d 734; *People v De Bour,* 40 NY2d 210). Based upon his knowledge of the robberies and his observation of the defendant, the detective had a common-law right of inquiry, and coupled with the defendant's subsequent flight, had a reasonable suspicion to pursue him (*see, People v Martinez,* 80 NY2d 444; *see also, People v De Bour, supra*). Further, the defendant's remark was not the product of unreasonable police conduct, and provided probable cause for the search of the defendant and the resulting arrest (*see, People v De Bour, supra*).

The defendant's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.