■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LARGO, Appellant. [722 NYS2d 809] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J., at hearing and trial; Roman, J., at sentence),

rendered April 26, 1999, convicting him of rape in the first degree, sexual abuse in the first degree, burglary in the first degree (two counts), robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

We agree with the hearing court's determination that the initial police inquiry of the defendant was based on "a founded suspicion that criminal activity [was] afoot" (*People v De Bour,* 40 NY2d 210, 223). The defendant matched the description of a suspect in an attempted burglary which had occurred only minutes earlier several blocks away, and he was proceeding in the same direction as the suspect. Once the defendant fled while the police were checking his identification, the right of inquiry escalated to a reasonable suspicion to pursue (*see, People v Matienzo,* 81 NY2d 778; *People v Martinez,* 80 NY2d 444). The police detention of the defendant, during which he was transported to the crime scene for identification by the complainant, fell short of the level of intrusion that constitutes an arrest (*see, People v Allen,* 73 NY2d 378; *People v Carney,* 212 AD2d 721). Finally, the hearing court properly concluded that probable cause to arrest the defendant arose once the complainant identified him (*see, People v Evans,* 237 AD2d 458). Accordingly, suppression was properly denied.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.