■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE JOHNSON, Appellant. [735 NYS2d 394] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered February 3, 2000, convicting him of robbery in the first degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted robbery in the third degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUPERT JOHNSON, Appellant. [734 NYS2d 843] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 20, 1999, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a motion to withdraw a plea of guilty is addressed to the sound discretion of the County Court (*see,* CPL 220.60 [3]). Here, the County Court providently exercised its discretion in denying, after a hearing, the defendant's motion to withdraw his plea. The plea minutes show that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (*see, People v Harris,* 61 NY2d 9), and no evidence was adduced at the hearing to substantiate the defendant's claims of ineffective assistance of counsel and coercion (*see, People v Negron,* 222 AD2d 327, 328). In addition, there is nothing in the record which would warrant disturbing the

County Court's determination as to the credibility of the witnesses at the hearing (*see, People v Granton,* 236 AD2d 624).

Since the defendant received a sentence which was within the parameters of the sentence he was promised by the County Court as part of his plea agreement, he has no basis to now complain that his sentence was excessive (*see, People v Kazepis,* 101 AD2d 816). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.