■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MOORE, Appellant. [745 NYS2d 542] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 5, 2000, convicting him of attempted robbery in the first degree and attempted robbery in the second degree under Indictment No. 3719/98, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered May 5, 2000, revoking a sentence of probation previously imposed by the same court, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree, under S.C.I. No. 12053/97. The appeal under Indictment No. 3719/98 brings up for review the denial, after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and amended judgment are affirmed.

We agree with the hearing court's determination that the actions of the police officers in apprehending the defendant were reasonable under the circumstances. The defendant, who matched the general description of a suspect in an attempted robbery with a weapon, which had occurred within an hour earlier, was seen alone only a few blocks away from the crime scene. Once the defendant fled upon the approach of the officers, the officers had reasonable suspicion to pursue him (see *People v Largo,* 282 AD2d 548). The momentary use of handcuffs to detain the defendant pending a showup identification by the complainant, fell short of the level of intrusion that constitutes an arrest (see *People v Allen,* 73 NY2d 378; *People v Carney,* 212 AD2d 721). Finally, the hearing court properly concluded that probable cause to arrest the defendant arose once the complainant identified him (see *People v Johnson,* 66 NY2d 398; *People v Evans,* 237 AD2d 458). Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.