■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NOEL LICEA, Respondent. [766 NYS2d 367] —Appeal by the People (1) from a decision of the Supreme Court, Kings County (Reichbach, J.), dated May 31, 2001, and (2), as limited by their brief, from so much of an order of the same court dated July 24, 2001, as granted the defendant's motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed March 12, 1999, upon his conviction of burglary in the second degree, to the extent of vacating his adjudication as a persistent violent felony offender and adjudicating him a second violent felony offender, and, in effect directed that he be resentenced.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see* CPL 450.10, 450.15; *Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is denied in its entirety, the decision dated May 31, 2001, and the resentence imposed June 21, 2001, are vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

In January 1999 the defendant pleaded guilty to burglary in the second degree pursuant to a plea agreement. At sentencing on March 12, 1999, the Supreme Court adjudicated the defendant a persistent violent felony offender (*see* Penal Law § 70.08) based upon two prior Florida convictions, and sentenced him in accordance with the plea agreement. Two years later, the defendant moved to set aside his sentence pursuant to CPL 440.20, claiming that his two prior Florida convictions had been obtained in violation of his constitutional rights, and

that he thus was improperly adjudicated and sentenced as a persistent violent felony offender. The Supreme Court found that the defendant's 1989 Florida conviction of the crime of burglary in the second degree was unconstitutionally obtained, but that his 1994 Florida conviction, also of the crime of burglary in the second degree, was constitutionally obtained. The Supreme Court vacated the defendant's adjudication as a persistent violent felony offender and resentenced him as a second violent felony offender (*see* Penal Law § 70.04).

The People contend that the Supreme Court erred in concluding that the defendant's 1989 Florida conviction was unconstitutionally obtained. We agree. In order to overcome the presumptions of validity and regularity afforded to prior felony convictions, a defendant must demonstrate, by substantial evidence, that a prior conviction was obtained in violation of his constitutional rights (*see People v Harris,* 61 NY2d 9, 16 [1983]). Here, the defendant claimed that he was not adequately apprised by the Florida court in 1989 of the constitutional rights he was relinquishing by pleading guilty, as required by *Boykin v Alabama* (395 US 238 [1969]). However, he failed to produce the minutes of the 1989 Florida plea proceeding, or other evidence to establish the manner in which the Florida court conducted the plea allocution, such as affidavits from the presiding judge, the prosecutor, or the defense counsel. Under these circumstances, the defendant did not sustain his burden of establishing that his 1989 Florida conviction was obtained in violation of his constitutional rights (*see People v Harris, supra*), and the Supreme Court should not have vacated the defendant's adjudication as a persistent violent felony offender and the original sentence. Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.