■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL LICEA, Appellant. [766 NYS2d 368] —Appeal by the defendant from a resentence of the Supreme Court, Kings County (Reichbach, J.), imposed June 21, 2001, which, upon the granting of his motion pursuant to CPL 440.20 to vacate a sentence of the same court imposed March 12, 1999, upon his conviction of burglary in the second degree, sentencing him to an indeterminate term of imprisonment of 16 years to life, only to the extent of vacating his adjudication as a persistent violent felony offender and adjudicating him as a second violent felony offender, resentenced him to a determinate term of 12½ years' imprisonment.

Ordered that the appeal is dismissed.

In light of our determination in the related appeal that the Supreme Court should have denied the defendant's motion pursuant to CPL 440.20 to vacate his sentence in its entirety (*see People v Licea,* 309 AD2d 947 [2003] [decided herewith]), the instant appeal must be dismissed as academic.

In any event, we note that the defendant's 1994 Florida conviction was constitutionally obtained and thus may be used as a predicate for an enhanced sentence. The minutes of the 1994 Florida plea proceeding support the Supreme Court's finding that the allocution satisfied the constitutional standards set forth in *Boykin v Alabama* (395 US 238 [1969]) (*see People v Harris,* 61 NY2d 9, 16 [1983]; *People v Torres,* 109 AD2d 858 [1985]; *cf. Koenig v Florida,* 597 So 2d 256 [Fla 1992]). Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.