■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE CAMERON, Appellant. [775 NYS2d 63]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered October 11, 2000, convicting him of robbery in the first degree (four counts), robbery in the second degree (eight counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kowtna, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Jakins,* 277 AD2d 328 [2000]). Contrary to the defendant's contention, the hearing court properly concluded that the vehicle in which he was a passenger was lawfully stopped for traffic infractions (*see People v Robinson,* 97 NY2d 341, 349 [2001]). The police officers' observations after the stop and a radio transmission regarding an armed robbery that occurred minutes earlier gave the officers reasonable suspicion that the occupants of the vehicle committed the robbery. The officers were justified in directing the occupants to exit the vehicle, patting them down, and conducting a limited search of the vehicle for weapons (*see People v Carvey,* 89 NY2d 707, 711 [1997]; *cf. People v Torres,* 74 NY2d 224, 231 n 4 [1989]). The defendant was then identified as one of the perpetrators by one of the complainants who was brought to the scene. At that point, the police had

probable cause to arrest him and probable cause to believe the vehicle contained weapons and evidence of the crime, justifying the subsequent search of the vehicle (*see People v Blasich,* 73 NY2d 673 [1989]; *People v Belton,* 55 NY2d 49 [1982]).

The defendant's statements were voluntarily made after he was advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Carter,* 293 AD2d 484 [2002]).

Contrary to the defendant's contention, the hearing court properly determined that the showup identification procedure, which was conducted in close geographical and temporal proximity to the crime, was not unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 544 [1991]; *People v Dottin,* 255 AD2d 521 [1998]).

The sentence imposed was not excessive (*see People v Johnson,* 288 AD2d 491, 492 [2001]). Altman, J.P., Florio, Smith and Rivera, JJ., concur.