■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY DAY, Appellant. [778 NYS2d 513]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered August 14, 2000, convicting him of burglary in the second degree (four counts), assault in the second degree, and attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his oral and written statements to law enforcement authorities.

Ordered that the judgment is affirmed.

A police detective investigating a series of daytime burglaries received a radio call of an attempted burglary in progress and began driving to the scene. The detective had information suggesting that the perpetrator of at least one of the prior burglaries was a male who wore his hair in corn rows, and that two bicycles had been seen outside one of the burglarized premises.

As the detective approached to within a mile of the scene of the reported attempted burglary, he saw the defendant, a black male who was wearing his hair in corn rows, and another black male riding bicycles in his direction. He made eye contact with the defendant who then spoke to his companion. Both men increased their speed.

His suspicions aroused, the detective began executing a U-turn to follow the men when he received another radio call stating that two black males on bicycles were seen fleeing the scene of the attempted burglary. The detective pursued the two men, who refused to stop. They rode up a residential driveway into a backyard, jumped off their bicycles, threw them over

their shoulders and disappeared into a rear yard. The detective soon saw the defendant standing behind a tree. The defendant fled on foot but was apprehended by responding officers.

Contrary to the defendant's assertion, the detective had, at a minimum, a common-law right to inquire based upon his initial observations of the defendant and his companion, coupled with the information he had regarding the pattern of burglaries in the area (*see People v Hollman,* 79 NY2d 181, 184-185 [1992]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Sergeant,* 281 AD2d 438 [2001]; *cf. People v McIntosh,* 96 NY2d 521, 525 [2001]). Before he could exercise that right, however, it escalated into a right to pursue and detain when the detective received the second radio call of two black males on bicycles fleeing the scene, and when the defendant and his companion refused to stop (*see People v Moore,* 296 AD2d 426 [2002]; *People v Largo,* 282 AD2d 548 [2001]; *People v Sergeant, supra*).

Moreover, a subsequent showup identification procedure which was conducted in close spatial and temporal proximity to the commission of the crime, served to secure a prompt and reliable identification and was not unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 544-545 [1991]; *People v Cameron,* 6 AD3d 546 [2004]; *People v Pierre,* 2 AD3d 461 [2003], *lv denied* 1 NY3d 600 [2004]). Following the complainant's unequivocal identification of the defendant, there was probable cause to arrest him (*see People v Cameron, supra; People v Moore, supra; People v Vaughan,* 293 AD2d 693 [2002]). Because the defendant's arrest was proper, his subsequent voluntary statements to the police, as well as the seizure of physical evidence in his home, cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule. Accordingly, the court properly denied the defendant's motion to suppress (*see People v Pegues,* 208 AD2d 773, 774 [1994]; *People v Bannister,* 140 AD2d 531 [1988]).

The defendant's challenge to his adjudication as a persistent violent felony offender is without merit (*see* CPL 60.60 [1]; *People v Allen,* 4 AD3d 479 [2004]; *People v Rene,* 254 AD2d 374 [1998]; *People v Harris,* 61 NY2d 9, 15-16 [1983]; *People v Licea,* 309 AD2d 947 [2003], *lv denied* 1 NY3d 630 [2004]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.