■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHERVINGTON, Also Known as ROBE SHERVING, Appellant. [807 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 7, 2003, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and evidence of a showup identification.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence recovered from his possession and evidence of the showup identification made at the scene of the arrest. The police officers' initial encounter with the defendant was lawful in

its inception (*see People v Hollman,* 79 NY2d 181 [1992]; *People v De Bour,* 40 NY2d 210 [1976]; *People v Day,* 8 AD3d 495 [2004]; *People v Moore,* 296 AD2d 426 [2002]; *People v Largo,* 282 AD2d 548 [2001]). Moreover, the defendant's flight and the surrounding circumstances provided the officers with reasonable suspicion to justify pursuing him and detaining him at the scene for a prompt showup identification (*see People v Martinez,* 80 NY2d 444, 448 [1992]; *People v Day, supra*; *People v Moore, supra*; *People v Woods,* 281 AD2d 570 [2001], *affd* 98 NY2d 627 [2002]; *People v Largo, supra*).

Furthermore, we reject the defendant's contention that the Supreme Court abused its discretion in refusing to accept his plea to a lesser-included offense. Although a defendant may, as a matter of right, enter a plea of guilty to an entire indictment (*see* CPL 220.10 [2]; 220.60 [1]), a plea of guilty to a lesser-included offense may be entered only upon the consent of the parties and the approval of the court (*see* CPL 220.10 [4] [b]). It is within the court's discretion to accept or reject a plea (*see Santobello v New York,* 404 US 257, 262 [1971]; *People v Smith,* 272 AD2d 679 [2000]; *People v Washington,* 229 AD2d 726, 727 [1996]), and reasonable conditions may be attached to permission to enter a guilty plea (*see People v Esajerre,* 35 NY2d 463 [1974]; *People v Grant,* 99 AD2d 536 [1984]; *People v Miller,* 79 AD2d 687 [1980], *cert denied* 452 US 919 [1981]). Contrary to the defendant's contention, it was not fundamentally unfair for the court to condition its granting of permission to enter the plea upon his admission that he acted in concert with both of his codefendants, who were under indictment for the same crimes (*see People v Grant, supra*). Furthermore, the fact that the People agreed to accept the defendant's plea without this condition did not make the condition unreasonable (*see People v Smith, supra* at 682).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.