■ The People of the State of New York, Respondent, v Alex Gobardhan, Appellant. [56 NYS3d 118]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered August 15, 2013, convicting him of murder in the second degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues principally that his conviction of murder in the second degree (Penal Law § 125.25 [3]) is not supported by legally sufficient evidence because the prosecution failed to establish that the victim's death was a reasonably foreseeable result of the defendant's actions. That contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]) and, in any event, without merit. To establish the defendant's guilt of felony murder in this case, the People were required to prove that, in the course of committing a robbery, the defendant caused the death of the victim, which further required proof, inter alia, that " 'the fatal result was reasonably foreseeable' " (see People v Davis, 28 NY3d 294, 300 [2016], quoting People v Hernandez, 82 NY2d 309, 314 [1993]). Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620, 620-621 [1983]), we find that it established that the victim suffered a fatal heart attack which was induced by stress and blunt force trauma perpetrated by the defendant in the course of a robbery. Contrary to the defendant's contention, from all of the evidence surrounding this violent encounter, the proof was sufficient to permit the jury to conclude that the victim's fatal heart attack was a reasonably foreseeable consequence of the defendant's conduct (see People v Davis, 28 NY3d at 302).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645 [2006]).

The defendant's challenge to the Supreme Court's instruc-

tions to the jury regarding the crime of robbery is also unpreserved for appellate review, as he failed to object to the charge given (see CPL 470.05 [2]; People v Rivera, 138 AD3d 1037 [2016]; People v Bradford, 137 AD3d 928 [2016]). In any event, the charge given to the jury properly stated the applicable legal principles (see CPL 300.10 [2]; People v Samuels, 99 NY2d 20, 25-26 [2002]; People v McDonald, 283 AD2d 592, 593 [2001]).

Contrary to the defendant's contention, the Supreme Court did not improperly deny his motion for a mistrial based upon a comment by a prospective juror who was excused. After dismissing that juror, the court gave appropriate curative instructions that eliminated any potential prejudice and questioned the remaining prospective jurors to ensure that they could remain fair and impartial. Under these circumstances, we find no reason to overturn the court's determination that a mistrial was not warranted (People v Morrison, 94 AD3d 913, 913-914 [2012]; People v Foddrell, 65 AD3d 1375, 1377 [2009]).

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.