People v Velasquez (2019 NY Slip Op 00148)





People v Velasquez


2019 NY Slip Op 00148


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-11909
 (Ind. No. 1539/13)

[*1]The People of the State of New York, respondent,
v
Carlos Velasquez, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered November 13, 2014, convicting him of burglary in the second degree and escape in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 12 years, to be followed by 5 years of postrelease supervision, on the conviction of burglary in the second degree, to run consecutively to an indeterminate term of imprisonment of 2 to 4 years on the conviction of escape in the second degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences shall run concurrently with each other; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633).
During the trial, the County Court was notified that a juror had expressed apprehension about the manner in which the defendant was looking at the jurors. The court spoke to the juror in the presence of counsel and the defendant. The court also later spoke with each juror individually. The court opined that the defendant's physical features and the manner in which the defendant tilted his head when he looked around the courtroom may have led the juror to feel apprehension. Nevertheless, the court found that the defendant had not behaved inappropriately in the courtroom "through his demeanor, through his actions, or otherwise." In "an abundance of caution," the court discharged the juror who had expressed apprehension, but it declined to declare a mistrial. Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying his request for a mistrial. The court conducted an appropriate inquiry, after which it determined that the remaining jurors could remain fair and impartial (see People v Gobardhan, 150 AD3d 882, 883; People v Morrison, 94 AD3d 913, 913-914). We see no basis on which to overturn the court's determination that a mistrial was not warranted (see People v Gobardhan, 150 AD3d at 883).
Contrary to the defendant's contention, there is no evidence in the record indicating that the County Court penalized the defendant for exercising his right to trial (see People v Ramirez, 157 AD3d 718, 720). Nevertheless, we find that the sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court