People v Ash (2019 NY Slip Op 07596)





People v Ash


2019 NY Slip Op 07596


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2012-07911
 (Ind. No. 2989/10)

[*1]The People of the State of New York, respondent,
v
Jamel Ash, appellant.


Janet E. Sabel, New York, NY (David Crow and Kramer Levin Naftalis & Frankel LLP [Daniel P. Schumeister], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove amd Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered August 8, 2012, convicting him of murder in the second degree and robbery in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his conviction of murder in the second degree (Penal Law § 125.25[3]) is not supported by legally sufficient evidence because the prosecution failed to establish that the victim's death was a reasonably foreseeable result of the defendant's actions. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492) and, in any event, without merit. To establish the defendant's guilt of felony murder in this case, the prosecution was required to prove that, in the course of committing a robbery, the defendant caused the death of the victim, which further required evidence, inter alia, that " the fatal result was reasonably foreseeable'" (People v Davis, 28 NY3d 294, 300, quoting People v Hernandez, 82 NY2d 309, 314). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 620-621), we find that it established that the victim suffered a fatal cardiac arrest which was induced by the emotional stress caused by being robbed at gunpoint on the street by the defendant using a handgun and the physical exertion resulting from running from the scene of the robbery. Further, the evidence was sufficient to permit the trial court to rationally conclude that the victim's fatal cardiac arrest was a reasonably foreseeable consequence of the defendant's conduct (see People v Davis, 28 NY3d at 302; People v Gobardhan, 150 AD3d 882).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant failed to demonstrate that he was deprived of the effective assistance [*2]of counsel under either the federal or state constitutional standards (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contention is without merit.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court