People v Porteous (2023 NY Slip Op 04323)

People v Porteous

2023 NY Slip Op 04323

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2018-13965
 (Ind. No. 5617/16)

[*1]The People of the State of New York, respondent,
v
Leroy Porteous, appellant.

Patricia Pazner, New York, NY (Hannah Kon and Patterson Belknap Webb & Tyler LLP [Harry Sandick and Maxwell K. Weiss], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered October 19, 2018, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree arising from, inter alia, the defendant shooting the leg of an individual unknown to him on the street. During jury selection, a prospective juror made statements that witnesses working in law enforcement were more credible than other witnesses, and that "[t]his guy wouldn't be on the side of the defendants if they have to prove that he did something." The Supreme Court dismissed the prospective juror for cause, and denied the defendant's request to dismiss the panel of prospective jurors who were present when the comments were made.
At trial, the People introduced testimony from a friend of the defendant that, on the night of the shooting, the defendant had given the friend a firearm for safekeeping. The defendant's friend also testified that, after he returned the weapon to the defendant, he witnessed the defendant twice firing the weapon on the street in the direction where the individual was shot. The People also introduced into evidence video surveillance footage, which depicted the defendant firing the weapon [*2]on the street.
Contrary to the defendant's contention, after the Supreme Court dismissed the prospective juror for cause, the court gave appropriate curative instructions that eliminated any potential prejudice and questioned the remaining prospective jurors to ensure that they could remain fair and impartial (see People v Gobardhan, 150 AD3d 882, 883).
"Although a defendant may, as a matter of right, enter a plea of guilty to an entire indictment, a plea of guilty to a lesser-included offense may be entered only upon the consent of the parties and the approval of the court[,]" and "[i]t is within the court's discretion to accept or reject a plea" (People v Shervington, 25 AD3d 628, 629 [citations omitted]; see Santobello v New York, 404 US 257, 262). Here, the Supreme Court did not err in withdrawing the defendant's plea offer, following his failure to unequivocally state that he was satisfied with counsel's representation (see People v Shervington, 25 AD3d at 629; see also Weatherford v Bursey, 429 US 545, 561).
Moreover, the Supreme Court providently exercised its discretion in denying the defendant's request for new assigned counsel. The record does not support the conclusion that the defendant's request for a substitution of counsel was based on specific factual allegations of a serious complaint about his counsel (see People v Argueta, 194 AD3d 857, 859). Rather, "[t]he defendant's bare assertions did not suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel, and did not create a duty of inquiry on the part of the trial court" (People v Ward, 121 AD3d 1026, 1027).
The defendant's contention that the Supreme Court unlawfully imposed consecutive sentences with respect to the count of criminal possession of a weapon in the second degree and the count of assault in the first degree is without merit. Here, the evidence, which included the video surveillance footage, supported the conclusion that the defendant possessed the weapon for a sufficient period of time before forming the specific intent to cause serious physical injury (see People v Malloy, 33 NY3d 1078, 1080; People v Brown, 21 NY3d 739, 751; People v Stephens, 189 AD3d 1270, 1271; People v Flowers, 102 AD3d 885, 886)
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court