People v Cordero (2024 NY Slip Op 01877)

People v Cordero

2024 NY Slip Op 01877

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Ind. No. 1473/17 Appeal No. 1977 Case No. 2019-05015 

[*1]The People of the State of New York, Respondent,
v
Christopher Cordero, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Laura McFeely of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered August 8, 2019, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him to an aggregate term of five years' probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's participation in the drug transaction was established by evidence that he acted as a lookout during the sale (see People v Fuentes, 246 AD2d 474, 474 [1st Dept 1998], lv denied 91 NY2d 941 [1998]).
The absence of defendant's counsel from the plea proceeding and related discussions of his codefendant did not deprive defendant of his constitutional right to counsel (see People v Montgomery, 293 AD2d 369, 370 [1st Dept 2002], lv denied 98 NY2d 712 [2002]; see also People v Bogan, 78 AD3d 855 [2d Dept 2010], lv denied 16 NY3d 742 [2011]). Contrary to defendant's contention, his counsel did not "walk out" of the joint hearing in the middle of the calendar call, but rather left the courtroom only after the court had effectively adjourned defendant's case for a new trial date, subsequent to defendant's declining of a plea offer. Defendant was not entitled to an adjournment to have counsel appear when the codefendant made statements that purportedly exculpated defendant during the plea discussion. Defendant's due process claims regarding the codefendant's plea are unavailing, as it was not fundamentally unfair for the court to require the codefendant to allocute to acting in concert with his codefendants as a condition of a lower plea offer (see People v Shervington, 25 AD3d 628, 629 [2d Dept 2006], lv denied 6 NY3d 818 [2006]). Further, there was reason to believe that the exculpatory statements were false.
The prosecutor fulfilled her obligations under Brady v Maryland (373 US 83 [1963]). "To make out a successful Brady claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Garrett, 23 NY3d 878, 885 [2014] [internal quotation marks omitted]). The prosecutor timely disclosed the exculpatory statements 15 months before the commencement of defendant's trial (see People v LaValle, 3 NY3d 88, 111 [2004] [disclosure timely where defense had one week before trial to subpoena witnesses]). In any event, the statements were not material.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024