People v Ward (2025 NY Slip Op 05264)

People v Ward

2025 NY Slip Op 05264

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-08022
 (Ind. No. 594/21)

[*1]The People of the State of New York, respondent,
v
Maleek Ward, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered September 8, 2022, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree in connection with the shooting death of an individual in a convenience store located in Wyandanch on April 10, 2021.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the County Court improperly permitted two individuals, who were not eyewitnesses to the shooting, to give lay opinion testimony identifying him in certain surveillance video footage and still photographs from that video (see CPL 470.05[2]; People v Hall, 239 AD3d 770). In any event, the defendant's contention is without merit. The People established that both witnesses had sufficient contact and familiarity with the defendant to aid the jury in making an independent assessment regarding whether the person in the surveillance video, who was wearing a mask covering part of his face, was indeed the defendant (see People v Mosley, 41 NY3d 640, 647-648; People v Hall, 239 AD3d 770).
The defendant's further contention that the County Court erred in allowing one of those witnesses, the victim's mother, to make a first-time, in-court identification of the defendant [*2]in violation of People v Perdue (41 NY3d 245) is without merit. In Perdue, the Court of Appeals held that "when the People call a witness who may make a first-time, in-court identification, they must ensure that the defendant is aware of that possibility as early as practicable so that the defendant has a meaningful opportunity to request alternative identification procedures," and that, "[i]f the defendant explicitly requests such procedures, a trial court may exercise its discretion to fashion any measures necessary to reduce the risk of misidentification" (id. at 247). Here, unlike Perdue, the witness offered opinion testimony that an individual seen on surveillance video was the defendant, who the witness regarded as "like family" and with whom she had routine and frequent contact over many years (see People v Mosley, 41 NY3d at 647-648).
Contrary to the defendant's contention, the County Court did not err in declining the defendant's request for a missing witness charge, as the People demonstrated that any testimony that this witness could have provided would have been cumulative (see People v Kearsley, 232 AD3d 688, 688; People v Williams, 195 AD3d 1050, 1051), and defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Grant, 170 AD3d 888, 890).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel under the New York Constitution, since, viewing defense counsel's performance in its totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that the County Court unlawfully imposed consecutive sentences is without merit. "So long as a defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751; see People v Malloy, 33 NY3d 1078, 1080). Here, the evidence supported the conclusion that the defendant possessed the weapon for a sufficient period of time before forming the specific intent to kill (see People v Malloy, 33 NY3d at 1080; People v Porteous, 219 AD3d 757, 759).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court